SIEB, GUARDIAN ET AL. *v.* MILLER.

[No. 15,217. Filed July 2, 1936.]

*Tuthill, Williams & Williams,* for appellants.

*Pepple & Kunkle, Clarence T. Sweeney* and *Warren J. Rommers,* for appellee.

CURTIS, J.—This was an action asking the trial court to construe the will of Louis H. Sieb, deceased.

The complaint consisted of one paragraph, to which an answer in general denial was filed. The appellants filed a written request for a special finding of facts and conclusions of law thereon. These were favorable to the appellee and the court rendered a judgment in accordance therewith. The facts as found by the court are unchallenged. An exception was reserved to each conclusion of law. A motion for new trial was also filed and overruled with an exception and this appeal prayed and perfected.

In addition to alleged error as to each of the conclusions of law the appellants under the motion for a new trial contend that the decision of the court is contrary to law.

The complaint alleges that doubts have arisen in regard to certain items of said will, particularly items one and seven thereof and "That uncertainty exists as to the true intent and meaning thereof in reference to the time the said interests became vested in the devisees

named in said will, and particularly in view of the fact that one of said devisees, Renetta Sieb Miller, died prior to the expiration of said trust; and an uncertainty has arisen in regard to who the heirs of said Renetta Sieb are under the terms and conditions of said last will and testament." The prayer was that the court construe said will as to the true meaning and effect of the provisions thereof and particularly the two items numbered 1 and 7.

The finding of facts is not long and we set it out as follows:

"FIRST: On the 19th day of March, 1917, Louis H. Sieb, then a resident of Michigan City, Indiana, duly executed his last will and testament in the following words and figures:

"I, Louis H. Sieb, of the City of Michigan City, in the County of LaPorte and State of Indiana, do hereby make, publish and declare this my last will and testament, in manner and form following:

First: I give, devise and bequeath in trust however unto Renetta Sieb Miller and Bertram Sieb, in trust however for the purposes hereinafter stated all my estate, real and personal and mixed, wherever situate and to which I may be entitled at the time of my death.

Second: I direct that the said Trustees shall pay all my just debts and funeral expenses as soon after my decease as conveniently can be done.

Third: I direct that my home establishment as maintained by me shall be maintained by the said Trustees till my youngest child shall have reached the age of 25 years and that my children each shall have the privilege of living therein as though the same were maintained by me till such youngest child shall have reached the age of 25 years and that the said Trustees may expend not to exceed the amount of One Hundred ($100) Dollars per month in maintaining the said home and in

clothing any minor child who may be living at home, the said sum to be deducted from my general estate.

Fourth: I direct that my said Trustees shall clothe and maintain and keep my children in school, including college, if any such child so desires, until such child has reached the age of 25 years, such clothing, maintenance and schooling not to exceed the sum of Five Hundred ($500) Dollars per year for each such child and I direct that my said Trustees shall pay all doctor bills, nursing and hospital bills for any child that may become sick or disabled during such time, and to pay the college bills for any child that may go to college, the same not to exceed the amount fixed herein heretofore. I further direct that my said Trustees shall pay all taxes and other assessments and levies against any of the property coming into their hands as such Trustees; and further the said Trustees are directed to keep all of the property coming into their hands as such Trustees in reasonable repair. All the same to be paid out of my estate.

Fifth: I desire that my said Trustees shall accumulate cash to the amount of Five Thousand ($5,000.00) Dollars and keep the same on deposit in the Merchants National Bank of Michigan City, Indiana, and to draw interest at the going rate in the savings department, said sum to be kept on hand for the purpose of paying for improvements, repairing, taxes, assessments and other levies and the upkeep of the several properties coming into the hands of said Trustees from my estate, the same to be done in like manner as I would if I were living myself; and any sum in excess of Five Thousand Dollars shall be distributed annually to each of my said several children.

Sixth: If I have not sold in my lifetime my former dwelling situate at No. 518 Spring Street, before my death, then and in that event, it is my desire that the said Trustees shall sell the said premises as soon after

my decease as they can procure a reasonable price therefor.

Seventh: I direct that upon my son Louis H. Sieb arriving at the age of 25 years that my estate then be divided into four equal shares, one of such shares to be conveyed to my daughter, Renetta; one of such shares to be conveyed to my son Bertram; one of such shares to be conveyed to my daughter Gertrude; and one of such shares to be conveyed to my son Louis; each child to have and to hold such respective share to itself and its heirs forever, and provided that in case of the death of any such child, then such share to be distributed to the heirs of such share, per capita.

Eighth: I hereby revoke all former and other wills and testamentary dispositions by me at any time heretofore made.

"In Witness Whereof I have hereunto subscribed my name and affixed my seal at the city of Michigan City, Laporte County, Indiana, this 19th day of March, 1917.

Louis H. Sieb (Seal)."

"The foregoing instrument was subscribed, sealed, published and declared by Louis H. Sieb as and for his last Will and Testament in our presence and in the presence of each of us, and we at the same time, at his request, in his presence and in the presence of each other, hereunto subscribe our names as attesting witnesses.

Jeremiah B. Collins,<br>Cornelius R. Collins."

"SECOND: The said Louis H. Sieb died July 30, 1917, and said will was duly admitted to probate in the Laporte Superior Court on the 8th day of August, 1917, as shown in the Probate Order Book 'D,' page 326, in the clerk's office of said court.

"THIRD: At the time of the death of Louis H. Sieb and at the time of the probate of his will, as above set

forth, Renetta Sieb Miller, named as one of the trustees in said will, was a married woman, residing with her husband in the State of Illinois, and on the 8th day of August, 1917, the said Renetta Sieb Miller filed her renunciation of her right to act as a trustee under the terms of the will of said Louis H. Sieb.

"FOURTH: On the 15th day of December, 1917, Bertram Sieb qualified as trustee under the terms of the will of said Louis H. Sieb and as executor thereof by filing acceptance of said trust, together with his bond and oath in the Laporte Superior Court.

"FIFTH: Upon qualifying as such executor and trustee the said Bertram Sieb took possession of all the assets, both real and personal, comprising the estate of said Louis H. Sieb, deceased, and administered the same in all respects in accordance with the trust set forth in the will of the said Louis H. Sieb. In the administration of said trust the said Renetta Sieb Miller had no part, but the same was administered solely by the said Bertram Sieb.

"SIXTH: On August 4, 1919, a child, Marjorie Miller, was born to said Renetta Sieb Miller and her husband, David R. Miller, and on the 27th day of March, 1921, the said Renetta Sieb Miller died intestate, leaving surviving her, as her sole and only heirs at law, her said daughter Marjorie Miller, and her said husband, David R. Miller.

"SEVENTH: Louis H. Sieb reached the age of twenty-five years on the 30th day of December, 1930, and in due course thereafter the said Bertram L. Sieb distributed the assets of said trust estate with the exception of the share belonging to the heirs of Rennetta Sieb Miller, deceased.

"EIGHTH: This action is brought to determine those rightfully entitled to that share of the estate of Louis H. Sieb, deceased, that would have gone under the terms

of his said will to Renetta Sieb Miller had she survived the termination of the trust."

The court stated its conclusions of law as follows:

"1st. Upon the death of Louis H. Sieb his entire estate vested in Bertram L. Sieb; in trust, however, for the express purposes set forth in the will of said Louis H. Sieb, deceased.

2nd. The terms 'heirs of such share,' as used in Item Seven of said will, means the heirs of such child.

3rd. The terms "heirs," as used by testator, means the heirs at law and not heirs of the body or heirs of a deceased child by consanguinity solely.

4th. At the termination of the trust created by testator's will the share of Renetta Sieb Miller in decedent's estate passed, by the terms of said will, to her heirs at law, Marjorie Miller, her daughter, and David R. Miller, her husband.

5th. The will providing that such heirs shall receive distribution per capita, the said Marjorie Miller and David R. Miller are now the owners of the share of Renetta Sieb Miller in equal proportions.

6th. At the termination of the trust created by the will of said Louis H. Sieb, deceased, which said trust terminated on the 30th day of December, 1930, the estate of said decedent vested as follows:

One-fourth in Bertram Sieb; one-fourth in Gertrude Sieb; one-fourth in Louis Sieb; one-eighth in Marjorie Miller, and one-eighth in David R. Miller."

A careful reading of the will and especially the said items 1 and 7 thereof leads us to the conclusion that the correct result was reached in the trial court. In a suit such as the instant case to construe a will the prime purpose is to ascertain the intention of the testator and to give such intention effect if it may be done lawfully. This principle is so elementary as to require no citation of authority. Here the testator had

four children at the time of the execution of his will. There is no intimation in the will but that he intended to treat them each alike. They were all alive at his death. The daughter, Renetta Sieb Miller, was married to the appellee before the decedent's will was executed and she was named by her married name as one of the trustees in said will. Under the law her husband, the appellee, was her statutory heir and the testator, of course, was presumed to know that fact when he made his will. We see no reason for concluding that the testator did not use the word "heir" in its ordinary legal meaning which, of course, would include both the child of Renetta Sieb Miller and her husband, the appellee. This conclusion is strengthened in the instant case by the use of the words "heirs of such share" in item 7 of the will. The testator was certainly not intending thereby to limit the meaning of the word heir to children. The language of the will is entirely inappropriate to convey that meaning. It is true that the word "heir" may mean children alone yet that meaning cannot be assigned to it unless it clearly appears that it was used in that restricted sense. See *McCllen et al.* v. *Sehker et al.* (1919), 70 Ind. App. 435, 123 N. E. 475, and the numerous cases collected therein.

It was clearly the intention of the testator to vest the legal title to his property in the trustee with the powers of management provided in the will until his youngest child should reach the age of 25 years, in trust, however, for the express purposes set forth in the will. At the termination of the trust on December 30, 1930, the property was to be distributed as provided in the will and particularly as provided in said item 7 thereof. To construe the will in the instant case to mean that the testator, under the facts disclosed herein, intended that if one of his children should die after his death and before the termination of the trust, but leaving an heir

or heirs, still that child's share should not pass to such heir or heirs but would be taken by his other three children would do violence to the will itself and there is no rule of law or of construction requiring such a result.

The words "per capita" have a well established meaning in law and in the instant case require an equal division of the estate of Renetta Sieb Miller between her child and the appellee herein as directed by the trial court.

We have found no reversible error in the conclusions of law.

From what we have previously said it becomes unnecessary to discuss further the point raised under the motion for a new trial that the decision of the court is contrary to law.

Judgment affirmed.