## BOREN ET AL. v. REEVES.

[No. 9,821. Filed May 27, 1919. Rehearing denied October 10, 1919. Transfer denied July 7, 1920.]

1. WILLS.— *Construction.*— *Testator's Intention.*— *How Ascertained.*—In construing the provisions of a will, courts are guided by the testator's intention, which must be gathered from the language of the will itself. p. 606.

2. WILLS.—*Construction.*—*Uncertain Language.*—*Presumption.*—The law presumes that a testator knows when executing his will that uncertain language used by him may be subjected to the well-recognized rules of construction. p. 606.

3. WILLS.—*Construction.*—*Devise of Fee.*—*Limitation by Subsequent Clause.*—Where an estate in fee is devised in one clause of a will in clear and decisive terms, it cannot be taken away or cut down by subsequent provisions unless the intention to do so is manifest from words as clear and definite as those which created the fee. p. 606.

4. WILLS.—*Construction.*—*Devise Coupled with Devise Over.*—Where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, coupled with a devise over in event of the death of the primary devisee without issue, the words refer to a death without issue during the life of the testator. p. 607.

5. WILLS.—*Construction.*—*Estates Devised.*—*Indefeasible Fee.*—A will bequeathing to a daughter all of testator's estate, with a provision that, if she should die without issue alive, then whatever property remained at her death should be divided between the children of testator's brother, gave to the daughter an indefeasible fee-simple title to her father's real estate, and not an estate contingent upon her death without issue. p. 607.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by Charles T. Boren and others against Arthur Reeves. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*Newby & Newby* and *Bundy & Jones,* for appellants.
*Forkner & Forkner* and *J. L. Shelton,* for appellee.

REMY, J.—Austin Boren died in February, 1888. His last will, omitting signature and formal parts, which

was written about a month before his death, is as follows:

> "Item I.  I will and bequeath to my daughter, Cora Boren, all my property, both real and personal of whatever nature including all claims and everything pertaining to the farm.
>
> "Item II.  If my said daughter shall die, without issue alive, then at her death, I hereby direct and will that whatever remains shall be equally divided, between the children of my deceased brother Albert Boren, to wit, Charles T. Boren, Addie Holland, Frank M. Boren, Oliver M. Boren, Harry Boren, Laura Woods and W. A. Boren.
>
> "Item III.  I hereby request and nominate E. N. Wilkinson of Knightstown, Indiana, to be the guardian of said daughter Cora Boren."

The will was probated in March, 1888, at which time, and in accordance with the provisions of the will, Cora Boren took possession of the real estate referred to, and continued in possession thereof until January, 1916, at which time she died intestate, without issue, and leaving as her only heir at law her husband, Arthur Reeves, appellee herein.   In 1914, W. A. Boren, who is named in item 2 of the will, died intestate, leaving as his only heirs the appellants, who are the survivors of the persons named in said item 2.   Shortly after the death of Cora Boren Reeves, appellants commenced this suit against appellee for the partition of, and to quiet title to, said real estate.   Appellee's demurrer to the complaint was sustained, and appellants, refusing to plead further, elected to stand on the demurrer.   Judgment was rendered in favor of appellee, from which this appeal was taken.   The action of the court in sustaining the demurrer is the only error assigned.

The controversy involves the construction of the above will.   It is appellants' contention that by the terms of the will Cora Boren was given a conditional fee in the real estate, which was to become indefeasible upon her

having issue alive at her death, and that, since she died without issue, the fee-simple title vested in appellants. It is also contended by appellants that the physical condition of testator and the age of Cora Boren, together with other circumstances surrounding the testator at the time of the execution of the will, all of which are set forth in the complaint, should be considered in arriving at testator's intention. On the other hand, appellee asserts that the will must be construed as vesting in Cora Boren an unconditional fee-simple title which at her death passed to him as her sole heir.

It is conceded by appellants that item 1 of the will devised to Cora Boren an estate in fee. Was this estate limited by item 2 of the will, and thereby made contingent upon the devisee's death with issue alive? In construing the provisions of the will, we must be guided by the testator's intention, and what his intention was must be gathered from the language found in the will itself. "However clearly an intention not expressed in the will may be proved by extrinsic evidence, the rule of law requiring wills to be in writing stands as an insuperable barrier against carrying the intention thus proved into execution." Daugherty v. Rogers (1889), 119 Ind. 254, 20 N. E. 779, 3 L. R. A. 847. As was said by the court in Lee v. Lee (1910), 45 Ind. App. 645, 91 N. E. 507: "The intention to be carried into effect by a judicial interpretation or construction of a will is not that which existed in the mind of the testator when it was executed, but that which is embodied in the language of the will itself." And the law presumes that a testator knows when executing his will that uncertain language used by him may be subjected to the well-recognized rules of construction. Aldred v. Sylvester (1916), 184 Ind. 542, 111 N. E. 914. It is a settled rule in the construction of wills that, where an estate in

fee is devised in one clause of a will in clear and decisive terms, it cannot be taken away or cut down by subsequent provisions of the will, unless the intention to do so is manifest from words as clear and definite as those which created the fee. *Myers* v. *Carney* (1908), 171 Ind. 379, 86 N. E. 400, and cases cited. Another rule equally well established is that, where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, coupled with a devisee over in event of the death of the primary devisee without issue, the words refer to a death without issue during the life of the testator. *Fowler* v. *Duhme* (1895), 143 Ind. 248, 42 N. E. 623, and cases cited.

The will under consideration by the clear and certain language of item 1 devises the fee of the real estate in controversy to Cora Boren. By the second item said real estate is devised to others upon the death of Cora Boren without issue alive. It is not contended by appellants that the will by express language devised to Cora Boren an estate in fee defeasible upon the contingency of her death without issue. The most that could be claimed is that such an estate might be inferred from the whole will. If appellants are right in their contention, then it must be presumed, without definite language in the will to support such presumption, that the testator intended that, although his daughter should live fifty years and have born to her many children, she would have no right to sell or incumber the fee of the real estate, since it was to go to his nephews and nieces in the event all of his daughter's children should die prior to her death.

Governed by the rules of interpretation we have stated, and by the further rule that the law favors the vesting of estates, we are constrained to hold that the will under consideration gave to Cora Boren an inde-

feasible fee-simple title to the real estate referred to in item 1 of the will, and for which partition is sought.

The court did not err in sustaining the demurrer to the complaint.    Judgment affirmed.