O'BRIEN ET AL. *v.* CLARKE ET AL.

[No. 15,140. Filed February 18, 1936. Rehearing denied April 24, 1936. Transfer denied September 30, 1936.]

*Charles F. Remy, Carl E. Wood, Thomas E. Kane, William F. Remy* and *Francis M. Hughes*, for appellants.

*Paul G. Davis, James W. Ingles* and *Emmet Fertig*, for appellees.

WOOD, J.—The appellee Hazel Clarke brought suit under the declaratory judgment act against the appellants and her co-appellees, seeking a construction of the last will and testament of Catherine Clarke, deceased. From a judgment construing the will in her favor the appellants prosecute this appeal, assigning as error for reversal, the overruling of their demurrer to appellee Hazel Clarke's complaint for insufficiency of facts.

The allegations of the complaint necessary to be set out for the purpose of our inquiry may be summarized as follows: On July 2, 1914, Catherine Clarke executed her last will and testament. Item one directed that all just debts, including expense of last sickness and burial, be paid. Item two bequeathed $5 to a grandson, Robert M. Clarke. Item three bequeathed $100 to each of her sons, Michael Clarke and John E. Clarke. Items four and five, over the construction of which this controversy is waged, read as follows:

"Item Four: After full compliance with each of the foregoing provisions of said will, I give and bequeath the residue of my personal estate to my daughter Catherine Clarke O'Brien and to my son Joseph L. Clarke, or to the survivor of them at the time of my death, in trust nevertheless for my daughter Mary A. Clarke.

"And I hereby give and devise all real estate owned by me to my said daughter Catherine Clarke O'Brien

and my said son Joseph L. Clarke, or to the survivor of them at the time of my death in trust nevertheless for my said daughter Mary A. Clarke. Said Catherine Clarke O'Brien, Trustee, and Joseph L. Clarke, Trustee, are, or the survivor of them is hereby given full power and authority to take full possession and control of the personal and real estate hereby bequeathed and devised to them with full power and authority to mortgage, sell and convey same upon such terms as to them, or to the survivor of them, shall seem best. The mortgage and deeds of said Trustees or surviving Trustee, if any, shall be as valid and effectual as though done by myself in life. Said Trustee or surviving Trustee shall manage and use said trust estate solely for the comfort and maintenance of said Mary A. Clarke, and at her death to decently and appropriately bury her.

"Item Five: Any balance of said trust estate then remaining after the death of my said daughter Mary A. Clarke, I hereby give, bequeath and devise to my said daughter Catherine Clarke O'Brien and my said sons Joseph L. Clarke and James Clarke share and share alike. Should said Catherine Clarke O'Brien or Joseph L. Clarke or James Clarke be childless at the time of his respective death and still be owner of any of the personal and real estate hereinbefore provided for him, then I give, bequeath and devise same in fee simple to the survivor or survivors of said Catherine Clarke O'Brien, Joseph L. Clarke and James Clarke, but if any one of said Catherine Clarke O'Brien, Joseph L. Clarke and James Clarke die leaving surviving child or children the same shall take the share its or their parent would have taken if living. (Nothing herein contained shall prevent the said Catherine Clarke O'Brien, Joseph L. Clarke, James Clarke from selling and conveying my real estate, in fee simple.)

"In event my said daughter Catherine Clarke O'Brien

or my son, Joseph L. Clarke or my son James Clarke shall die leaving surviving child or children, then such surviving child or children shall take the provisions hereinbefore made for his or their parent Catherine Clarke O'Brien, Joseph L. Clarke or James Clarke, which is hereby given, bequeathed, and devised to it or them in fee simple.

"I wish to and hereby do declare my affection for each of my said sons, grandson and daughter. They have each been kind and dutiful to me. I am led to make my last will and testament as relates to my said daughter Catherine Clarke O'Brien and sons Joseph L. Clarke and James Clarke in the manner above from the consideration that each of said last named children has been particularly kind and attentive to me and have contributed greatly to my happiness.

"I hereby nominate my daughter Catherine Clarke O'Brien and my son Joseph L. Clarke to be executors of this will."

Catherine Clarke died July 30, 1920, in Marion County, Indiana, leaving said will in full force and effect, and leaving all the beneficiaries named in her will surviving her. The will was duly probated August 9, 1920. The executors nominated in the will qualified and administered upon the estate. Their final report was approved January 27, 1923, and they were discharged as such executors. Thereafter the appellants, Clatherine Clarke O'Brien and Joseph L. Clarke assumed their duties as trustees for Mary A. Clarke, an insane daughter of the testatrix, as provided in Item Four of the will. At the time of the rendition of the judgment in this cause Mary A. Clarke was still living and said trustees were performing the duties imposed upon them under the will. The son James Clarke named as one of the legatees in Item Five of the will, died intestate in Marion County,

Indiana, on October 25, 1929, without children or descendents of any children surviving him, but leaving his widow, the appellee Hazel Clarke, surviving him. James Clarke never during his lifetime conveyed or otherwise disposed of his interest in the estate of the testatrix which vested in him under Item Five of said will. Appellee Hazel Clarke never disposed of any interest which she received in the estate of said testatrix as the surviving widow of James Clarke.

The respective contentions of the parties as to the construction of said will are set forth in the complaint in the following language: "That there is a dispute between the plaintiff and the defendants as to the construction which should be placed upon the will of Catherine Clarke. That it is contended by the plaintiff that an undivided one-third of all the real and personal property included in the trust estate vested in her husband, James Clarke, deceased, upon the death of the testatrix, Catherine Clarke, his mother, and that she as the sole and only heir at law of her husband, James Clarke, deceased, is now and at all times since his death has been, the owner of an undivided one-third interest in all of said trust estate, subject only to the needs of the trust for the maintenance and support of the defendant, Mary A. Clarke, during the period of her natural life, and the expense of her burial upon her death. That it is contended by the defendants Catherine Clarke O'Brien, Joseph L. Clarke, Catherine Clarke O'Brien, Trustee, and Joseph L. Clarke, Trustee, that title to the real and personal property of the testatrix, Catherine Clarke, included in said trust estate, does not vest until the death of the defendant, Mary A. Clarke, and that this plaintiff has no interest or title in or to any part of said estate of Catherine Clarke for the reason that her husband predeceased the defendant, Mary A. Clarke.

"That title to real estate is involved, and neither this

plaintiff nor the defendants, Joseph L. Clarke, Catherine Clarke O'Brien, Joseph L. Clarke, Trustee, or Catherine Clarke O'Brien, Trustee, can sell or dispose of their respective interests in and to the same without a judicial construction to this will, nor can the defendants, Catherine Clarke O'Brien, Trustee, and Joseph L. Clarke, Trustee, make any final report of their trust upon the death of the defendant, Mary A. Clarke, and properly terminate the same until there is a judicial construction of this will."

We are first confronted with the contention of appellee Hazel Clarke that appellants have failed to comply with the requirements of what is now Rule 21 of this court, in that they omitted from that part of their brief devoted to a statement of the record, portions thereof necessary to present properly to this court the errors relied upon for reversal. The appellee has supplied these omissions in her brief, so the defect in appellant's brief is cured.

Said appellee also insists that the assignment of error is joint as to all the appellants; that the judgment from which the appeal is taken did not affect the rights of two of the appellants in any manner; that the assignment of error is not good as to them, and being joint could not be good as to any of the appellants. We do not think the record upholds this contention. At most it is extremely technical and not impressive. *Johnson* v. *Samuels* (1917), 186 Ind. 56, 114 N. E. 977; *Shriver* v. *Montgomery* (1914), 181 Ind. 108, 103 N. E. 945.

Said appellee also contends that while appellants' demurrer questioned the sufficiency of the complaint to obtain a construction of the will here involved it did not present any question as to the character of the construction to be given to the will. This contention is not sustained by the record.

The rules which control in the construction and interpretation of wills have been announced and set forth so many times by our Supreme Court and this court that we do not deem it necessary to restate them again or collect and cite authorities in support thereof. We will examine the questions presented by the record with these rules as our guide.

By its judgment the trial court decreed: "(1) That by the terms of Item Five of said will of Catherine Clarke, an undivided one-third interest in all the real and personal property included in the trust estate created in defendant Mary A. Clarke by Item Four of said will, vested in James Clarke, husband of plaintiff, upon the death of testatrix, Catherine Clarke, his mother, subject only to the needs of the trust for the maintenance and support of the defendant Mary A. Clarke during the period of her natural life, and the expense of her burial.

"(2) That upon the death of James Clarke, intestate, after the death of the testatrix Catherine Clarke, the said undivided one-third interest in all the real and personal property included in the trust estate, subject only to the needs of the trust for the maintenance and support of the defendant Mary A. Clarke during her life and the expense of her burial, passed by the laws of descent to the plaintiff Hazel Clarke, widow of James Clarke, and his sole and only heir at law;

"(3) That by the terms of said will of Catherine Clarke, duly executed July 2, 1914, and probated Aug. 5, 1920, in Will Record 'EE,' page 423, in the Probate Court of Marion County, Indiana, the plaintiff Hazel Clarke and the defendants Catherine Clarke O'Brien and Joseph L. Clarke, each now owns and is seized in fee of an undivided one-third interest in all the real and personal property included in said trust, subject only to the needs of the trust for the maintenance and sup-

port of the defendant Mary A. Clarke during her life and the expense of her burial."

Appellants and appellee Hazel Clarke agree that it was the intention of the testatrix, by Item Four of her will, so far as it was possible for her to do with the means at hand, to provide for the support, maintenance and burial of her unfortunate daughter, Mary A. Clarke, and that whoever received any interest in her estate under Item Five of her will would receive it burdened with the trust created under Item Four thereof. This intention was clearly reflected and given effect in the judgment of the trial court.

The questions over which the parties disagree are: when under Item Five of the will, did the title to any balance of the estate remaining after compliance with Item Four of the will vest in Catherine Clarke O'Brien, Joseph L. Clarke and James Clarke; and at what time was the death of either of said beneficiaries without children to occur in order that the share of the estate willed to him should go to the survivor or survivors of said three beneficiaries.

As found by the trial court, the will created a life estate in trust in Mary A. Clarke, as beneficiary, with remainder in fee simple in her three children, Catherine Clarke O'Brien, Joseph L. Clarke, and James Clarke, share and share alike. That the testatrix intended to vest an absolute title in the remainder of her estate in these three beneficiaries cannot be doubted, for in Item Five of her will she says specifically, that "nothing herein contained shall prevent the said Catherine Clarke O'Brien, Joseph L. Clarke, or James Clarke from selling and conveying my real estate, in fee simple," and any limitation over would be void for repugnancy. *Mulvane* v. *Rude* (1896), 146 Ind. 476, 45 N. E. 659. Of course, any conveyance made by either or all of said three beneficiaries previous to the

death of Mary A. Clarke, the beneficiary under the trust would be made subject to the terms and conditions of said trust.

The pivotal question is, "When did the absolute title to the remainder vest in the beneficiaries named in Item Five of the will? The appellants contend that the following language of Item Five of the will, to wit: "Should said Catherine Clarke O'Brien or Joseph L. Clarke or James Clarke be childless at the time of his respective death and still be owner of any of the personal and real estate hereinbefore provided for him, then I give, bequeath and devise in fee simple to the survivor or survivors of said Catherine Clarke O'Brien, Joseph L. Clarke and James Clarke, but if any one of said Catherine Clarke O'Brien, Joseph L. Clarke and James Clarke die leaving surviving child or children, the same shall take the share its or their parent would have taken if living," refers to the death of either of said three beneficiaries without a child or children surviving them at any time either before or after the death of the testatrix; while appellee Hazel Clarke contends that the time of death of either of the beneficiaries without a child or children surviving, must be construed to refer to their death before the death of the testatrix.

The law favors the vesting of remainders and presumes that words postponing the estate in remainder relate to the beginning of the enjoyment of the estate and not to the time of its vesting, so in this case the presumption must prevail unless the words used by the testatrix clearly overthrow such presumption. *Crew* v. *Dixon* (1891), 129 Ind. 85, 27 N. E. 728; *Aldred* v. *Sylvester* (1916), 184 Ind. 542, 111 N. E. 914. But if language is used to interpose a restraint on the estate granted, it is rarely, if ever, effective for the reason that even a clear intention cannot be permitted to overthrow the settled rules of law depriving

an estate of any of its settled legal incidents. *Rush* v. *Zuck* (1897), 147 Ind. 388, 45 N. E. 691, 46 N. E. 674; *Fowler* v. *Duhme* (1896), 143 Ind. 248, 42 N. E. 623; *Crew* v. *Dixon, supra.*

In the case of *Quilliam* v. *Union Trust Co.* (1924), 194 Ind. 521, 142 N. E. 214, where the language of the will was quite similar to that used by the testatrix in the will under consideration, after having examined and commented upon many authorities from this state, the Supreme Court announced the rule controlling in the construction of such testamentary declarations in the following language (p. 530): "A well-established rule in this state is that words of survivorship, used in disposing of an estate, are presumed to relate to the death of the testator, rather than the death of the first taker, and that where real estate is devised to one, in terms sufficient to give a fee-simple, and a devise over is made, conditioned upon the first taker dying without issue, the phrase 'dying without issue' is construed to refer to a death in the lifetime of the testator, unless a contrary intention is clearly expressed. . . . (p. 533). The rule that words of survivorship will be construed as relating to a death preceding the death of the testator, unless otherwise clearly expressed, has been recognized so long by this court that it cannot be questioned, and such rule has been applied in so many cases where the language used was of similar effect to that used in the case at bar, that such construction has the force of a rule of property and should not be disturbed."

Among the many cases where the language of the will was quite analogous to the language contained in the will of Catherine Clarke, and where our Supreme Court applied the rule as above announced are the following: *Heilman* v. *Heilman* (1891), 129 Ind. 59, 28 N. E. 310; *Wright* v. *Charley* (1891), 129 Ind. 257, 28

N. E. 706; *Fowler* v. *Duhme, supra,* where the court made an exhaustive examination of the authorities in this and other states dealing with this phase of the construction of wills, *Aldred* v. *Sylvester, supra.*

Clearly the language employed by the testatrix in the will in the instant case brings it within the rule of construction announced and applied by the court in the cases above cited, so it follows as a necessary conclusion that the court did not err in overruling appellant's demurrer to the complaint of appellee Hazel Clarke.

Judgment affirmed.