## McDowell et al. *v.* Fletcher et al.

[No. 15,254. Filed November 18, 1936. Transfer denied February 1, 1937.]

*John H. Kiplinger* and *Jean R. Kiplinger,* for appellants.

*Gary & Bohannon,* for appellees.

PER CURIAM—The court having considered appellant's petition for rehearing herein and the briefs filed thereon now grants a rehearing of this cause and now renders the following opinion in lieu of the opinion heretofore rendered herein on the 20th day of April, 1936.

This was an action below by the appellants to quiet title to certain real estate in Rush County, Indiana. The defendants filed an answer in general denial to the complaint and a cross-complaint alleging that the appellants and the defendants (appellees) Jefferson D. Fletcher, Harry L. Fletcher and Frank Fletcher are the owners of the same property and seeking to quiet title in them.

The appellants filed answer in general denial to the cross-complaint closing the issues. The cause was tried by the court without intervention of a jury and at the request of the appellants the court made a special finding of facts and stated conclusions of law thereon. However, the court did not sign either the special finding of facts or the conclusions of law. The appellants excepted to each conclusion of law. A motion for new trial was seasonably filed by appellants and overruled by the court. A suggestion of the death of Jefferson D. Fletcher was made and the court made an order substituting Katie B. Fletcher, his widow, and his four children, Earl H. Fletcher, Carl L. Fletcher, Lee B. Fletcher, and Paul E. Fletcher as parties and then rendered judgment for the appellees herein.

The errors assigned in this court are that the court erred in overruling appellants' motion for new trial and that the court erred in each of its conclusions of law. The motion for new trial raises the question of the sufficiency of the evidence to support the decision of the court and that the decision of the court is contrary to law.

It affirmatively appears from the record that neither the special finding of facts nor the conclusions of law were signed by the trial judge, nor were they embodied in a bill of exceptions, nor made a part of the record by order of the court. It is the settled law that such a finding can only be regarded as a general finding, and no question can be presented to this court on the conclusions of law stated. *Smith* v. *State ex rel. Hammill* (1894), 140 Ind. 343, 39 N. E. 1060; *Martin* v. *Marks* (1899), 154 Ind. 549, 57 N. E. 245; *Lillard* v. *Mather* (1902), 28 Ind. App. 583, 63 N. E. 479.

The question then remaining to be decided by this court is the action of the trial court in overruling the motion for new trial.

The primary question involved in this action is in connection with the construction of one clause in the will of Mariah Dickey, probated in the Rush Circuit Court on March 9, 1878, the clause in question being as follows:

"I give and devise to my grandchildren, the children of my daughter Elzira Fletcher, all the estate real and personal that I may own at my death, to be divided equally share and share alike among them, but if any one or more of my said grandchildren shall die at any time without issue surviving them the share or shares of such shall be equally divided among his or her brothers and sisters and their descendants according to the law of descent in Indiana."

Mariah Dickey had a number of grandchildren, the children of Elzira Fletcher referred to in the will, all of whom were living at the time of the death of Mariah Dickey. These were Robert Fletcher, Ann Fletcher, Caroline Fletcher, Vashti Fletcher, Francis Marion Fletcher, and Dora Elzira Fletcher. Only two of these grandchildren were married, Francis Marion Fletcher, who was the father of Claude I. Fletcher, one of the appellants, and Caroline McDowell, the mother of the other appellants.

After the death of Mariah Dickey, in the year 1883, Caroline McDowell and her husband conveyed all her interest in the land in question by warranty deed to her brothers and sisters Anna, William R., Vashti, Francis M., and Dora E. Fletcher. The same heirs also purchased the interest of Vashti Bush, their mother's sister, in the same real estate. In 1890 Francis M. Fletcher with his wife conveyed by warranty deed all his interest in the land in controversy to his brothers and sisters William R., Anna, Vashti and Elzira D. Fletcher. William R. Fletcher died in 1907 and by the terms of his will devised all his interest in the land to his sisters

Anna, Vashti, and Elzira D. Fletcher. Elzira D. Fletcher died in 1908 and by the terms of her will devised her interest in the land to Ann M. Fletcher and Vashti Fletcher. Ann M. Fletcher died in 1915 and by the terms of her will devised all her interest in the land to William R. Fletcher and Vashti Fletcher or the survivor. William R. had preceded the testatrix in death. The persons referred to as Elzira D. Fletcher, Dora Fletcher or Dora E. Fletcher were one and the same person.

It was and is the contention of appellants that by the clause, "but if any one or more of my said grandchildren shall die at any time without issue surviving them . . ." the whole of the real estate vested in them, they being the only descendants of the grandchildren of Mariah Dickey and they being the class intended by the testator to finally inherit.

It is undoubtedly the right of the testator, within legal limitations, to fix the time of vesting of any estate created by him, and the question of whether or not in a given case a particular estate or interest is vested or contingent depends, in final analysis, upon the intention of the testator as gathered from the will. The various rules which the courts have formulated to assist them in case of doubt are for the most part subordinate or subsidiary rules of construction which must yield or give way when they would lead to a result which is contrary to the manifest intention of the testator; but if the will itself fails to disclose the intention of the testator, the court will then invoke the settled rules of construction to determine whether the interest was intended to be vested or contingent.

The law favors the vesting of estates at the earliest possible moment, and wills should be construed accordingly, in the absence of a clear manifestation of the intention of the testator to the contrary.

In harmony with this proposition, words postponing the estate are construed to refer to the beginning of the possession and enjoyment of the estate and not to the vesting thereof. *Fowler et al.* v. *Duhme et al.* (1895), 143 Ind. 248, 42 N. E. 623; *Taylor* v. *Stephens* (1905), 165 Ind. 200, 74 N. E. 980; *Moores* v. *Hare et al.* (1895), 144 Ind. 573, 43 N. E. 870; *O'Brien* v. *Clarke* (1936), 102 Ind. App. 421, 200 N. E. 92.

Looking at the entire will and keeping in mind the above rules of construction that have been laid down by our courts many times, we are of the opinion that title vested immediately upon the death of the testatrix and the words *"but if any one or more of my said grandchildren shall die at any time without issue surviving them"* refer to the death of any of said grandchildren prior to the death of the testatrix and do not postpone the vesting of such estate. In the absence of a clear manifestation of the intention of the testatrix to the contrary, we must hold that the estate vested immediately upon the death of the testatrix.

By its judgment, the court below decreed that at the time of her death Vashti Fletcher was the owner in fee simple of the real estate in controversy, and that prior to her death none of the plaintiffs or defendants had any interest in such real estate. The court then decreed "and that said plaintiffs and said defendants are now the owners of said real estate in accordance with the terms of the will of Vashti Fletcher, deceased, and in the proportion as set out in said will, . . ." A careful search of the entire record fails to disclose that the will of Vashti Fletcher was ever before the court. We must therefore hold that the decision of the court in that particular is not supported by the evidence and the court erred in overruling appellants' motion for new trial.

The judgment of the Rush Circuit Court is reversed

with instructions to grant appellants' motion for new trial and for further proceedings not inconsistent with this opinion.