SCHENCK *v.* SCHENCK ET AL.

[No. 16,074. Filed February 2, 1939.]

*W. J. Sprow, Andrew N. Foley,* and *Bernard B. Foley,* for appellant.

*Arthur McGaughy* and *Charles Johnston,* for appellees.

LAYMON, J.—Appellee Lou Schenck, widow of Edgar Schenck, deceased, having elected to take under the law rather than under the will of said decedent, filed her complaint for partition of real estate, making defendants thereto the appellant, Olive May Schenck, adopted daughter of said decedent; appellees Oliver Schenck, Floyd W. Ball, Wilber L. Barnett, Caroll Barnett, Myrtle Barnett, Alice Ball Barnett, Alta Hughes, Forrest W. Schenck, and Eva Murphy, brother and descendants of the deceased brother and sisters of said decedent; appellee Lou Schenck, executrix of the last will and testament of Edgar Schenck, deceased; appellee Olive May Schenck, as a person representing the children that may hereafter be born to her; and the children that may hereafter be born to Olive May Schenck.

Appellees Oliver Schenck, Floyd W. Ball, Wilber L. Barnett, Caroll Barnett, Myrtle Barnett, Alice Ball Barnett, Alta Hughes, Forrest W. Schenck, and Eva Murphy filed their cross-complaint alleging that they were the brother and descendants of such brother and sisters of testator as were dead and entitled to the fee simple of the real estate devised by said testator, subject to the rights of appellee Lou Schenck, as the widow of said Edgar Schenck, and to the life estate of appellant, Olive May Schenck, as provided in said will; that the will of Edgar Schenck created a contingent remainder based upon the provision of said will that should the appellant, Olive May Schenck, die without children, then at her death the fee would vest in cross-complainants, as the brothers and sisters of Edgar Schenck, and the descendants of such as were deceased.

Appellant, Olive May Schenck, adopted daughter of

said decedent, filed her cross-complaint in said action, setting up the rights claimed by her under the will of said decedent and alleging that the contingency under which said brother and descendants of the deceased brother and sisters of said decedent could take under said will having failed, that she is the owner in fee simple of two-thirds of the real estate of which said Edgar Schenck died seized, subject to the rights of her unborn children and the life estates in said real estate of herself and appellee Lou Schenck, and asking that the same be set off to her in partition.

Answers in general denial were filed to the complaint and the two cross-complaints by the defendants and cross-defendants respectively. Upon the issues thus joined the cause was submitted to the court for trial, resulting in a finding for appellee Lou Schenck on her complaint; that, as the widow of Edgar Schenck, deceased, she is the owner in fee simple of one-third of the real estate sought to be partitioned and is also entitled to a life estate in and to an undivided one-sixth of said real estate that appellant, Olive May Schenck, is the owner of an estate for and during the natural lifetime of appellee Lou Schenck in and to the undivided one-half of said real estate, also an estate for life in two-thirds of said real estate, with the right to make disposition of the fee simple thereof for the purpose of providing herself with the necessities and comforts of life, subject, however, to the life estate of said appellee Lou Schenck; that in the event any child or children are born to appellant, Olive May Schenck, said child or children will, upon their birth, become the owners in fee simple of an undivided two-thirds of said real estate, share and share alike, subject to the rights of appellee Lou Schenck and appellant, Olive May Schenck, in said real estate, as found by the court, and except as stated the court found against appellant, Olive May Schenck,

on her cross-complaint. The court found for the appellees, the brother and descendants of the deceased brother and sisters of said decedent, on their cross-complaint; that in the event the appellant, Olive May Schenck, dies without a child or children having been born to her, said brother and the descendants of deceased brother and sisters of said decedent will become the owners in fee simple of an undivided two-thirds of said real estate. The court rendered judgment accordingly, ordered partition of said real estate, and appointed commissioners to make the partition in accordance with the decree.

The only error assigned for reversal is the overruling of appellant's motion for a new trial, the specifications of which are that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law.

The determination of the questions presented in this appeal involves the construction of the will of said Edgar Schenck, which, omitting the formal parts, is as follows:

"I, Edgar Schenck, being of sound mind and disposing memory do make, publish and declare this to be my last will and testament, hereby revoking all former wills, if any, made by me.

"Item 1. It is my will that my executrix hereinafter named, pay from the assets of my estate all my just debts and liabilities, including such expenses as may be necessary after my death.

"Item 2. I will, devise and bequeath to my beloved wife, Lou Schenck, all my live stock, grain and hay on hands, farming machinery and equipment and household goods and provisions on hand, to be her absolute property.

"Item 3. All my personal property remaining after payment of my debts as set forth in Item 1 of this will and excepting the property included in Item 2 of this will, as well as all of my real estate, I will, devise and bequeath to my beloved wife, Lou Schenck, to have and to hold the same for and during her natural lifetime, only and subject to the life estate of my said wife, I will, devise and bequeath

said property so willed to my wife for life, to my adopted daughter, Olive May Schenck, to have and to hold the same for and during her natural lifetime only.

"Item 4. The property herein willed to my wife and daughter for and during their respective lives, I will, devise and bequeath, subject to said life estates, to the children of said Olive May Schenck, should she have any children, to have and to hold said property absolutely and in fee simple, *but should my adopted daughter, Olive May Schenck, die without children,* then it is my will that all property herein willed to my said wife and adopted daughter for their respective lives, is hereby willed, devised and bequeathed to my brothers and sisters and the descendants of such as may be dead, share and share alike, the descendants of any deceased brother and sister taking the share which would have gone to said brother and sister, had he or she been living. (Our italics.)

"Item 5. It is further my will that should my said wife, Lou Schenck, at any time, while she is in possession of the property herein willed to her for life, need to use any of the principal of the money so willed for her own personal wants and necessities, she shall have the right to use the same and should she *exaust* [exhaust] the entire personal fund for said purpose and be in further need, she shall have the right and power to make disposition and sale of such of my real estate as may be necessary to provide her with the necessities and comforts of life.

"Item 6. It is further my will that should my adopted daughter Olive May Schenck, at any time while she is in possession of the property herein willed to her for life, need to use any of the principal of the money so willed for her own personal wants and necessities, she shall have the right to use the same and should she *exaust* [exhaust] the entire personal fund, or should it be *exausted* [exhausted] by my said wife for the purposes indicated in this will, she shall have the right and power to make disposition and sale of such of my real estate as may be necessary to provide her with the necessities and comforts of life. This right so given to my said daughter, being subject to the rights herein given to my said wife.

"I hereby nominate and appoint Lou Schenck, executrix of this my will and in the event that she not survive me, then I nominate and appoint Olive May Schenck executrix of this my will and I hereby authorize either of them to serve without giving bond."

Appellant has expressly waived any and all questions with reference to the quantity of her life estate and the life estate of her mother, Lou Schenck, as determined by the judgment of the trial court.

Since the questions to be determined in this appeal affect only those appellees who are the brother and descendants of the deceased brother and sisters of said decedent, they will for brevity hereafter be referred to as appellees.

The parties stipulated that Edgar Schenck died testate on April 4, 1936, a resident of Montgomery County, Indiana, and that his last will and testament (above set out) was duly probated and filed of record in the clerk's office of Montgomery County; that said decedent left as his sole and only heirs at law his widow, Lou Schenck, and his adopted daughter, Olive May Schenck; that on July 22, 1936, Lou Schenck, as widow, filed her election to retain the rights in her husband's estate given to her under the laws of the State of Indiana; that on the date of the death of the decedent his adopted daughter, Olive May Schenck, was unmarried; that no child or children had been born to her on or previous to the date of the death of said Edgar Schenck; that no child or children have been born to her since said date; and that at the time of his death the decedent left as collateral relatives his brother and the descendants of his deceased sisters and brother, appellees.

Appellant contends that the language, "but should my adopted daughter, Olive May Schenck die without children," in Item 4 of the last will and testament of Edgar Schenck, deceased, refers to and must be construed to

mean the death of said Olive May Schenck without children before the death of the testator; that the language used by said testator does not clearly show whether he refers to her death before his death or after his death; that when such intention is not clearly expressed, resort must be had to the recognized rules of construction applicable thereto; and that when this appellant survived the testator without children, the condition upon which the collateral relatives of the testator could acquire any interest in the estate under the terms of the will has been terminated and defeated. Appellant further asserts that since no child or children were born to her "during the life of the testator, and at any time thereafter," she is entitled to the fee to said real estate, subject to the rights of the widow, Lou Schenck, for herself and any child or children that may be born to her hereafter, and in case of her failure to have any child or children, then to her in fee simple.

Appellees concede the rule to be that words and conditions of survivorship used in a will in disposing of an estate will be construed to relate to the death of the testator, unless a contrary intention is clearly expressed, but claim that "in the case at bar, the intention of the testator is very clearly expressed." Appellees assert that the reasonable and proper construction to be placed on the will is that appellant holds during her life all of the property given to her under the terms of the will, and only in the event she dies without issue can appellees have any rights thereunder; that if appellant have issue of her body surviving her, then, and in that event, appellees would take nothing under the will; "but on the other hand, and the very thing that testator intended to provide for was that should she have no children at the date of her death to survive her, that his blood relation, brothers and sisters and their descendants should take a certain interest as residuary legatees under his will."

Counsel for appellant and for appellees have cited and to some extent relied upon the case of *Quilliam* v. *Union Trust Co.* (1924), 194 Ind. 521, 142 N. E. 214, to support them.

Appellees, in their brief, state that the language used in Item 4 of the Schenck will is almost identical with the language used in the will in the Quilliam case. The right of appellees to claim any interest in and to the real estate of said decedent is by virtue of that provision of the will in Item 4, which reads, "but should my adopted daughter, Olive May Schenck die without children, then it is my will that all property herein willed to my said wife and adopted daughter for their respective lives, is hereby willed, devised and bequeathed to my brothers and sisters and the descendants of such as may be dead, share and share alike, the descendants of any deceased brother and sister taking the share which would have gone to said brother and sister, had he or she been living," and then only by construing the phrase "die without issue" to refer to the death of the daughter, Olive May Schenck, either before or after the death of the testator.

As was said by our Supreme Court in the case of *Quilliam* v. *Union Trust Co., supra,* at page 529:

"It is the universally recognized rule that the intention of the testator, when it is clearly expressed, must be given effect, in the construction of a will. It is also a well recognized rule that where the intent is not clearly expressed, or is couched in ambiguous phraseology, so that reasonable differences of opinion may exist as to what the testator's intention was, then resort should be had to established rules of construction."

The testator's intention must be given effect when clearly expressed, but if his intention is in doubt, then it is the duty of the courts to apply recognized rules of

construction, even though that may result in a construction different from what the testator had in his own mind, but failed to clearly express.

In the Quilliam case the Supreme Court had before it this question: "When the testator said in his will, 'provided however, that if my said daughter should die without issue,' did he refer to or have in mind her dying before his death, or did he refer to her death at any time, whether before or after his death?" The court said (pages 530, 531):

"... If he meant the former, then the estate vested absolutely in the daughter at his death, she being living at that time. If he referred to her death at some time after his death, then the vesting of the estate would be postponed until her death.

"In view of the fact that the law favors the vesting of estates at the earliest possible moment, and, if possible, will so construe a will as to vest the entire estate at the time of the testator's death, we cannot say that his intention in this respect is clearly expressed. As his intention is not clearly expressed, then we should resort to well recognized rules of construction to aid us.

"A well established rule in this state is that words of survivorship, used in disposing of an estate, are presumed to relate to the death of the testator, rather than the death of the first taker, and that where real estate is devised to one, in terms sufficient to give a fee-simple, and a devise over is made, conditioned upon the first taker dying without issue, the phrase 'dying without issue' is construed to refer to a death in the lifetime of the testator, unless a contrary intention is clearly expressed. Aldred v. Sylvester, supra [(1916), 184 Ind. 542, 111 N. E. 914]; Harris v. Carpenter (1887), 109 Ind. 540, [10 N. E. 422]; Hoover v. Hoover (1888), 116 Ind. 498, [19 N. E. 468]; Heilman v. Heilman (1891), 129 Ind. 59, [28 N. E. 310]; Wright v. Charley (1891), 129 Ind. 257, [28 N. E. 706]; Borgner v. Brown (1893), 133 Ind. 391, [33 N. E. 92]; Fowler v. Duhme, supra, [(1896), 143 Ind. 248, 42 N. E. 623]; Moores v. Hare (1896), 144 Ind. 573, [43 N. E. 870]; Aspy

v. *Lewis* (1899), 152 Ind. 493, [52 N. E. 756];
*Campbell* v. *Bradford* (1906), 166 Ind. 451, [77 N.
E. 849]; *Boren* v. *Reeves, supra,* [(1919), 73 Ind.
App. 604, 123 N. E. 359]."

The court further said (pages 534, 535):

"The clause, 'die without issue,' with no words
to limit it, is held to denote an indefinite failure of
issue and is void, and a limitation over, conditioned
upon such an event, cannot take effect, but the first
taker is held to take an estate tail. *Huxford* v.
*Milligan* (1875), 50 Ind. 542; *Outland* v. *Bowen*
(1888), 115 Ind. 150, [17 N. E. 281]; *Cain* v. *Rob-
ertson* (1901), 27 Ind. App. 198, [61 N. E. 26].

"If, connected with the clause 'die without issue,'
there is used some word or words that denote a
definite time for the failure of issue to take place,
such as where the clause is, 'die without issue
*living* at his death,' or 'die without *leaving* issue,'
or 'die without issue *surviving*,' then it is held to
denote a definite failure of issue. *Granger* v.
*Granger* (1896), 147 Ind. 95, 112, [44 N. E. 189,
46 N. E. 80]."

The language contained in that item of the will in
the Quilliam case which the court was called upon to
construe is very similar to that used by the tes-
tator in the will under consideration. In view of
the reasoning expressed in the Quilliam case and
the authorities therein cited, we are led to the conclu-
sion that in the use of the language "but should my
adopted daughter, Olive May Schenck die without chil-
dren," the intention of the testator is not clearly ex-
pressed and that since we are unable to determine
whether he referred to the death of Olive May Schenck
before or after his death, we must therefore resort to
the well recognized rules of construction to aid us. See
also *O'Brien* v. *Clarke* (1936), 102 Ind. App. 421, 200
N. E. 92.

Applying the rules of construction to the provisions
of the will in the instant case, and upon the authority
of the Quilliam case, we conclude that the devise of a

remainder over to the collateral kindred as contained in Item 4 of the Schenck will refers to the death of said adopted daughter, Olive May Schenck, before the death of the testator. Since said devise over is conditioned upon the adopted daughter dying without children before the death of the testator, and appellant having survived the testator, the contingency upon which appellees could have any interest in the estate has terminated. It necessarily follows that the collateral relatives of the testator (appellees) have no right, claim or interest in and to the real estate sought to be partitioned.

Judgment reversed, with instructions to grant appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Bridwell, Dudine, JJ., dissenting.