ALLEN *et al. v.* MAYFIELD *et al.*

WILL—VESTED ESTATE.—If a bequest be to *A* for life, and, after the death of *A*, to *B*, the bequest to *B* is vested on the death of the testator, and will not lapse by the death of *B* in the lifetime of *A*.

APPEAL from the *Brown* Common Pleas.

PERKINS, J.—*Robert Allen* made the following will, and died:

"*First.* After my death, my debts and funeral expenses shall be first paid.

"*Second.* My wife, *Catharine Allen,* shall have all my estate and personal property during her life.

"*Third.* After her death, the heirs of my brother-in-law, *Joshua Wayland,* shall have the south-east, &c., containing eighty acres.

"*Fourth.* After the death of my wife, my adopted daughter, *Bertha Jane Allen,* shall have 500 dollars.

"*Fifth.* After the death of my wife, my brother, *William Allen,* shall have all the estate left by her, with the exception of sections three and four."

We construe the fifth clause as being subject to the provisions of the third and fourth clauses, and as excepting what is given to *Wayland* and *Bertha J. Allen.* *Bertha* died before *Catharine,* the widow, who had the life estate. The only question in the case is, whether the legacy to *Bertha* was vested or contingent. It was vested. There is nothing in the will to evince a contrary intention.

The law is, that " if the bequest be to *A* for life, and, after the death of *A,* to *B,* the bequest to *B* is vested on the death of the testator, and will not lapse by the death of *B* in the lifetime of *A.*" Toller on Ex. 306; 2 Williams on Ex. 891. See Willard on Ex. 357, 2 Black. Comm. 512, for rules to determine when a legacy is vested.

*Per Curiam.*—The judgment below is affirmed, with costs.

*James S. Hester* and *Samuel H. Buskirk,* for the appellants.