## BURKE ET AL. *v.* BARRETT ET AL.

[No. 4,369. Filed May 26, 1903. Rehearing denied October 9, 1903. Appeal to Supreme Court dismissed November 18, 1903.]

WILLS.—*Remainders.*—*Vesting of Titles.*—*Life Estates.*—*Construction.*— A testator by the terms of his will gave all of his real estate to his wife during her life, subject to the support of his minor children named, two sons and two daughters, made the wife executrix, and guardian of the children, and provided that "after the death of my wife, I devise and bequeath my real estate to my said children in the following manner: (1) I give and devise to each of my said daughters one-eighth part of my real estate. (2) To each of my said sons I give and bequeath three-eighths of my real estate. The above bequests are subject to the life estate of my wife in the said real estate. * * * If any of my said children should die before they would be entitled to shares given them under this will then the survivors shall share equally the share of the one who is dead, unless the one who dies leaves lawful children surviving him or her." *Held*, that each of the children took a vested remainder at the death of the testator, the

daughters each taking one-eighth, and the sons each three-eighths thereof, subject to the life estate of the widow; that the phrase "after the death of my wife" relates to the beginning of the enjoyment of the remainder, and not to the vesting of the estate, and that the provision in reference to the death of the children has reference to the death of a child during the lifetime of testator.

From Vigo Circuit Court; *J. E. Piety*, Judge.

Action by Richard J Barrett and others against Mary Burke and others. From a judgment in favor of plaintiffs, defendants appeal. *Reversed.*

*H. S. Wallace, G. M. Crane, D. V. Miller* and *A. L. Miller*, for appellants.

*H. J. Baker* and *L. D. Leveque*, for appellees.

ROBY, J.—Appellee Barrett brought suit for partition, alleging that he was the owner of five-eighths, and appellant Mary Burke was the owner of the remaining three-eighths, of the real estate in controversy. Appellant Burke answered by general denial, and filed two paragraphs of cross-complaint, in the second paragraph of which she alleged title specifically and asked that she be declared the owner of the thirty-three sixty-fourths, and the appellee Barrett the owner of thirty-one sixty-fourths, of the real estate; that her title be quieted; and that partition be decreed. Demurrers to the cross-complaints were sustained. Various pleadings were filed and rulings made thereon, which need not be noticed. Trial by court. Finding and judgment for appellee Barrett that the parties were the owners of the real estate as alleged in the complaint, and partition was ordered and made. Motions to modify the judgment and for a new trial overruled.

Error is assigned on the various rulings, but counsel agree that the only question involved is the construction of the will of John Barrett, deceased, and this is the only question argued in the respective briefs.

So far as material here, appellant Burke's second paragraph of cross-complaint in substance alleged that John

Barrett, father of appellee Barrett and grandfather of appellant Burke, died in 1874, seized of the real estate in controversy, leaving a will which was duly probated and is now in full force and effect, the material provisions thereof being as follows, to wit: "Second. I give and bequeath to my wife Ellen Barrett, all my real estate during her life, subject to the support of my minor children, Jerry Barrett, Richard Barrett, Honora Barrett, and Ellen Barrett. I do hereby make the support and education of these my said children a charge upon my real estate until they shall become of age or shall have married. Third. After the death of my wife, I devise and bequeath my real estate to my said children in the following manner: (1) I give and devise to each of my said daughters one-eighth part of my real estate. (2) To each of my said sons I give and bequeath three-eighths of my real estate. The above bequests are subject to the life estate of my wife in the said real estate. Fourth. I do hereby nominate and appoint my beloved and faithful wife, Ellen Barrett, the sole executrix of this my last will and testament, and the guardian of my children, who may be minors at the time of my death. Fifth. If any of my said children should die before they would be entitled to shares given them under this will, then the survivors shall share equally the share of the one who is dead, unless the one who dies leaves lawful children surviving him or her."

John Barrett left surviving him his wife, Ellen Barrett, who lived until October, 1899; Jerry Barrett, who died in August, 1876, leaving no child or children, but leaving his mother Ellen Barrett, and Richard, Honora, and Ellen Barrett, his brother and sisters, as his only heirs; Honora Barrett, who married J. P. Burke, and died in 1889, leaving her husband and appellant Mary Burke, her only child, as her only heirs at law, and J. P. Burke died in 1895, leaving Mary Burke as his only heir at law; and Ellen Barrett, his daughter, who died in 1890, leaving no child or

children, and leaving her mother, Ellen Barrett, appellee Barrett, and appellant Burke as her only heirs. Ellen Barrett, widow, by her will devised all her property to appellant Mary Burke, and said will was duly probated and is now in full force and effect.

Appellees contend that, by the terms of the will of John Barrett, the manifest intention of the testator was to give the widow a life estate, and to give to his children living at the death of his widow, and to the descendants of such as were then dead, a vested remainder, which was alterable, conditional, and limited, and that the time fixed by the testator himself for its ripening into a certain and absolute fee simple was at the widow's death; the contention of the appellant being that John Barrett's children each took a remainder which vested absolutely upon the testator's death.

Construing this will as a whole, we are of opinion that at the death of the testator the interest in the real estate taken by each of the testator's children, and to which they were then entitled, was a vested remainder, subject only to the life estate of the widow, the daughters each taking one-eighth and the sons each taking three-eighths thereof.

The law favors the vesting of estates, and the presumption is that the testator intended that the estate given should vest at his decease, unless an intention to postpone the operation of the devise is clearly expressed. *Rumsey* v. *Durham,* 5 Ind. 71, 74; *Aspy* v. *Lewis,* 152 Ind. 493, and cases cited.

The intent to postpone the operation of the devise must be clear and manifest, and must not arise by mere inference or construction. *Moores* v. *Hare,* 144 Ind. 573, 575.

In the case last cited the court said: "It is settled law that words of survivorship in a will, unless there is a manifest intent to the contrary, always relate to the death of the testator, and that in the absence of contrary intent a will always speaks as from the testator's death. * * *

The law not only favors the vesting of remainders, but it also presumes that words postponing the estate relate to the beginning of the enjoyment of the remainder and not to the vesting of such estate. In the absence of a clear manifestation of the intention of the testator to the contrary, an estate will be held to vest at the earliest possible period. The intent to postpone must be clear and manifest and must not arise by mere inference or construction."

The rules above quoted were restated, affirmed, and applied in *Aspy* v. *Lewis, supra.* In view of these rules, there being no manifest intent to the contrary, it must be presumed that the clause "after the death of my wife," used in the third item of the will, relates to the beginning of the enjoyment of the remainder and not to the vesting of that estate, and when the clause is so construed it is consistent and reconcilable with the last sentence of the third item, providing that the bequests given to the children shall be subject to the life estate of the wife.

The fifth item of the will, providing that if any of the "children should die before they would be entitled to the shares given them under his will," etc., has reference to the death of a child during the lifetime of the testator, for the reason, if for no other, that, as is shown above, the "share given" to each child was a vested remainder which became operative at the death of the testator, and at that time each child was entitled to the share given him. It follows, therefore, that the court erred in sustaining appellees' demurrer to the second paragraph of cross-complaint.

Judgment reversed, with directions to overrule the demurrer to the second paragraph of cross-complaint, and for further proceeding in accordance with this opinion.