SUMMERS *v*. OLD-FIRST NATIONAL BANK AND TRUST COMPANY OF FORT WAYNE, TRUSTEE, ET AL.

[No. 15,874. Filed March 8, 1938.]

*Townsend, Thomas & Novitsky* and *Eichhorn, Gordon & Edris,* for appellant.

*Morris, Newkirk & Hasley* and *Sturgis, Stine & Sturgis,* for appellees.

CURTIS, J.—This is an appeal from the judgment of the trial court in an action commenced by the appellee,

Old-First National Bank & Trust Company of Fort Wayne as trustee under the last will and testament of Catherine Summers, now deceased, for the construction of the will of the said Catherine Summers. She died in Allen County, Indiana, on March 23, 1917, leaving surviving her four children—three daughters and one son—as her sole general and residuary beneficiraies under her will. She left another daughter spoken of in the will as "Anna Summers, in religion Sister Mary Cecile, of the Sisters of Providence, at St. Mary's, Vigo County, Indiana," to whom she gave a specific bequest and who is not interested in this litigation. Hereafter in this opinion the word daughter or daughters shall be deemed not to refer to her. The son, Frank Summers, was described in said will as not self supporting and not of good, steady habits. By the terms of the will, and especially of item 8 thereof she undertook to divide her property equally among her said four children, but because of the habits of her said son his one-fourth portion was given to trustees. The trust was to terminate upon his reformation, at which time the trustees were to convey his one-fourth interest to him by proper deed. In the event that he died without reforming, the said trust property was to go to his said three sisters. One of his sisters, Ella Weber, died before the said Frank Summers died and he died, according to the finding of the court, without having reformed his habits. Henry J. Miller was appointed as administrator *de bonis non* of the estate of Ella Weber, whose only heir at law and sole residuary beneficiary under her will was her husband. Donnelly P. McDonald is the duly appointed and acting executor of the last will and testament of the said Frank Summers.

The complaint is well drawn and in our opinion it will aid in the understanding of this opinion to set it out. Omitting some of its formal parts it is as follows:

"State of Indiana, ⎰ ss.
Allen County ⎱

## In the Allen Superior Court No. 2

Old-First National Bank and Trust ⎫
Company of Fort Wayne, as Trus- ⎥
tee under the Last Will of Cath- ⎥
erine Summers, Deceased, ⎥
             vs. ⎥   Complaint to
Donnelly P. McDonald, as Executor ⎬   Construe
of the Last Will of Frank Summers; ⎥      Will
Henry J. Miller, as Administrator ⎥
De Bonis Non of the Estate of Ella ⎥
Weber, Mary Butler, Elizabeth ⎥
Summers. ⎭

"The plaintiff in the above entitled cause complains of the defendants herein, and each of them, and says that Catherine Summers departed this life testate, a resident of Allen County, Indiana, on the........day of...................., 19........, leaving her said last will, which was duly admitted to probate and record in the Allen Circuit Court, and a true copy of said will is hereto attached, marked 'Exhibit A' and made a part of this complaint.

"That thereafter your petitioner herein was duly appointed as trustee under the terms of said last will and testament by the Allen Circuit Court, and is still so acting.

"That the defendants hereto are the only beneficiaries under said will and are the only persons whose interests are affected by a construction thereof.

"Plaintiff further avers that doubts have arisen and uncertainty exists as to the true intent and meaning of item eight of said will in reference to the interest therein in said estate of Frank Summers as to whether or not he is entitled to the income of said trust during his lifetime, and as to whether or not he is entitled to any portion of the corpus therein, and whether or not the executor of his estate is entitled to any of the corpus of said trust remaining on hand with your trustee herein, and if so, what part or portion of the same should be paid to the executor of the last will of Frank Summers, the defendant Donnelly P. McDonald, as executor of said will.

"That further doubt exists as to the true intent, meaning and legal effect of said item eight in this:

"That whether or not the provision contained in said item eight to the effect that no part of the real estate of said decedent be sold until six (6) years have elapsed from the time of said decedent's death, as to whether or not said provision be valid or whether or not, if decreed by the court valid or invalid, said entire gift, represented by said real estate of said decedent, fails or lapses, and whether or not if the same fails or lapses, whether the same falls into and is disposed of by the residuary clause contained in said item eight.

"That further doubt and uncertainty as to the trust intent, meaning and legal effect of said will arises in this:

"That said decedent devised the residue of her real estate in the following manner, to wit:

" 'The residue of my estate, real, and personal, I will, bequeath and devise in four equal portions; one portion to my daughter, Mary Butler, one portion to my daughter, Ella Weber, and one portion to my daughter, Elizabeth Summers. The remaining portion my said daughters, Mary Butler and Ella Weber, or the survivor thereof, shall hold in trust for my son, Frank Summers, to be absolutely controlled by said trustees, without bond and without accountability to any court, the proceeds in their hands, after paying all expenses and charges, to be invested or deposited in some Trust Company until he shall satisfy such trustees that he is self-supporting and of good, steady habits. Said trustees shall not be obliged to pay him any income received from said portion at any time unless he satisfies them or the survivor thereof that he has reformed his habits. Should my son die before the conclusion of this trust, all interest in my estate herein bequeathed and devised for his benefit shall go to my three daughters, Mary Butler, Ella Weber and Elizabeth Summers, share and share alike.'

"That the said Mary Butler and Elizabeth Summers are now surviving. That Ella Weber died after the death of said decedent, but previous to the death of Frank Summers. That Frank Summers died on the 19th day of October, 1933; that uncertainty exists in that it is contended by a portion of said devisees that by reason of the death of Ella

Weber previous to the death of Frank Summers, that said residue of said trust fund is distributed in equal shares between the defendants Mary Butler and Elizabeth Summers, and that the defendant Henry J. Miller, as administrator de bonis non of the estate of Ella Weber, contends that said residue estate should be distributed in three (3) equal parts, and that the defendant Henry J. Miller, as administrator de bonis non of the estate of Ella Weber, should be entitled to one-third ($\frac{1}{3}$) of the corpus of said trust.

"That further doubt arises as to the true intent and meaning of said will and the legal effect thereof, as to what disposition should be made of the income of said trust actually collected and in the hands of your trustee herein at the date of the death of Frank Summers, and as to what income should be distributed and paid to the said Donnelly P. McDonald, as executor of the last will of Frank Summers; whether said income should be paid only from the income actually collected previous to the death of Frank Summers, or whether said income should be computed and paid to him by accruing said income to the date of the death of said Frank Summers.

"Petitioner would further show to the court that your petitioner herein, as well as its predecessors in trust, under said last will of Catherine Summers, deceased, has determined, under the powers and discrimination therein given to said trustee, to pay all of the net income of said trust to the said Frank Summers, or expend the same in payments made for his use and benefit, and that such determination was in full force and effect and had not been changed at the time of the death of Frank Summers.

"Petitioner would further show that the trust estate in the hands of your petitioner herein, under the last will of Catherine Summers, consists of certain securities, real estate and cash, all as set out in Exhibit B, filed herewith.

"That in said Exhibit B your petitioner herein has set up separate accounts of income and principal. That in said income account your petitioner has shown in said Exhibit B the amount actually collected previous to the death of Frank Summers, and the income accrued upon securities held in said

trust, but not collected at the date of death of said Frank Summers, caused by default in payment of interest upon said obligations.

"That your petitioner believes that the true intent, meaning and legal effect of said will is that all income of said trust estate, in the hands of your trustee, belongs to and should be payable to the executor of the last will of Frank Summers.

"That the executor of the last will of Frank Summers likewise is entitled to the income accrued, but not collected, upon said trust fund.

"That the defendants Mary Butler and Elizabeth Summers, and Henry J. Miller, as administrator de bonis non of the estate of Ella Weber, are each entitled to one-third ($\frac{1}{3}$) in the corpus of said trust estate, and your petitioner prays the court that said will may be by the court construed, and that the duty of your trustee herein, in relation thereto and as to the distribution of said estate, be by the court determined and adjudged, and that the true meaning, intent and legal effect of said last will of Catherine Summers, in so far as the same affects any of said trust funds in the hands of your petitioner herein, be by the court adjudicated and set at rest, and for such further relief in the premises as may be necessary in order to fully and finally determine and set at rest the rights of all the parties in interest herein."

The issues were made upon the said complaint and various answers. Since no questions are raised upon this appeal as to the pleadings we do not set out any of them except the complaint. Upon the issues made the matter was submitted to the court who upon proper request made a special finding of facts and stated conclusions of law thereon. The judgment was in full accordance with the conclusions of law. The only error relied upon for reversal is that the court erred in its second conclusion of law. The conclusions of law are as follows:

"(1) The defendant Donnelly R. McDonald, as executor of the last will of Frank Summers, deceased, is entitled to receive all the income from the corpus of said trust accrued to the time of the death

of said Frank Summers, but said executor is not entitled to any portion of the corpus of said trust nor to any portion of the income thereon accrued after the death of said Frank Summers.

"(2) The defendants Mary Butler, Elizabeth Summers and Henry J. Miller, as administrator de bonis non with the will annexed of the estate of Ella Weber, deceased, are each entitled to an undivided one-third (⅓) of the corpus of the trust property now remaining in the possession of said Old-First National Bank and Trust Company of Fort Wayne, as trustee for Frank Summers under the will of said Catherine Summers, deceased, and in the possession of John M. Young, as Receiver of said Old-First National Bank and Trust Company of Fort Wayne, including all income accrued thereon after the death of said Frank Summers."

Among other things the court found that Frank Summers did not reform his habits at any time prior to his death and did not prior to his death become self supporting and of good, steady habits as provided in his said mother's will; that in his last will and testament he named his two sisters Elizabeth Summers, the appellant, and Mary Butler, his other living sister, as his only beneficiaries. It appears from the record that Elizabeth Summers and Mary Butler, who were named in the mother's will as trustees for the son Frank Summers, resigned their trust and that eventually the Old-First National Bank and Trust Company of Fort Wayne, Indiana, became such trustee and that subsequently John M. Young was appointed and qualified as Receiver of said bank and is now acting as such. There have been many intervening deaths of persons interested in the will of the said Catherine Summers, with appropriate administrations of their respective estates, but the trial court in the instant case found that "all the persons interested in the construction of said will of Catherine Summers and all persons having an interest in said trust are parties to this action, and that no

other parties are necessary to a complete determination of the questions presented to this court."

There was a further finding,

"that said trust terminated upon the death of Frank Summers, and that said Old-First National Bank and Trust Company of Fort Wayne, as trustee aforesaid, at the time of the death of said Frank Summers, held in its possession property belonging to and subject to the terms of said trust, and plaintiffs now have in their possession property belonging to and subject to the terms of said trust; that said property, at the time of the death of said Frank Summers, consisted of the corpus of said trust, income thereon collected by the trustee and income thereon accrued, but not collected, by the trustee at the time of the death of said Frank Summers; that the property belonging to said trust which plaintiffs now have in their possession consists of both corpus and income collected thereon; that each and all of said successive trustees during the entire period of said trust determined to and did pay the income from the trust property to and for the benefit of said Frank Summers, and that no part of the corpus of said trust was paid to or for the benefit of said Frank Summers prior to his death, except under proper order of the court having jurisdiction of said trust."

The court also found that "all the property held at the time of the death of said Frank Summers by said Old-First National Bank and Trust Company of Fort Wayne, as trustee aforesaid, which property is now held by plaintiff herein, was at the time of the death of said Frank Summers, and now held subject to the terms of the trust created by the following provisions in said will of Catherine Summers" to wit: (Here follows the provision of the will heretofore set out in the complaint. We need not set it out again.)

The appeal as presented to us does not challenge in any manner the finding of facts. The only alleged error presented is as to the second conclusion of law hereinbefore set out.

The appellee Henry J. Miller, as administrator *de bonis non* with the will annexed of the estate of Ella Weber, deceased, in his brief earnestly insists that the judgment should be affirmed on account of alleged failure of the appellant to comply with the rules of this court in the preparation of her brief and in connection therewith points out with much merit many deficiences. We believe, however, that enough is presented by the appellant's brief to enable us to pass upon the controlling questions.

Of those who are financially interested in the questions determined by the trial court, namely: 1st, Those representing the estate of the mother, Catherine Summers; 2nd, those representing the estate of the daughter, Ella Weber; 3rd, those representing the estate of the son Frank Summers; and 4th, Mary Butler, one of the daughters who is now alive, each have filed briefs in which they agree that the decision of the trial court is correct as to them, at least, in so far as the appellant is concerned. Elizabeth Summers, the appellant, who is the other daughter, alone has appealed.

In construing the will of the testator Catherine Summers and the provisions of item 8 thereof, which portion of said will has heretofore been set out, the paramount rule to be kept in mind is that the intention of the testator must be ascertained and given effect if it can be given effect under the law. See *Sieb, Gdn.* v. *Miller* (1936), 102 Ind. App. 389, 2 N. E. (2d) 794; *Beck* v. *Dickinson, Exr.* (1934), 99 Ind. App. 463, 192 N. E. 899; *Abernathy* v. *McCoy et al.* (1930), 91 Ind. App. 574, 154 N. E. 682.

An examination of the said will, which the trial court was called upon to construe and particularly the portion of item 8 thereof which has heretofore been referred to, convinces us that it was the intention of the testator to vest immediately in the

three daughters the corpus of the trust property which might remain in the trust at the time of the death of the son, Frank Summers. The power and discretion given by the will to the trustees named therein to turn over all the trust property to the said Frank Summers during his lifetime upon his reforming his habits, while it might defeat the enjoyment of the said property by the said sisters, could not affect the vested character of the gift to them. The only contingency appearing in said clause of the will is in respect to the interest which Frank Summers might receive. The happening of the contingency, to wit, the reformation of his habits as specified in the will, would result in the enlargement of his interest. But this he did not do. The said sisters were in no legal sense to receive said property through the happening of the contingency, but on the other hand the happening of the contingency might defeat their enjoyment of said property. This is the conclusion no doubt reached by the trial court and we think it is correct. The law books are full of decisions pointing out the distinctions between a vested and a contingent remainder. The conclusion reached by the trial court was no doubt greatly influenced by the provisions of the will that, "Should my said son die before the conclusion of this trust, all interest in my estate herein bequeathed and devised for his benefit shall go to my said three daughters, Mary Butler, Ella Weber and Elizabeth Summers share and share alike" and the other provision that "Should he die before said conveyance is made all interest hereunder shall go to his three sisters as hereinbefore stipulated." It is to be noted that there are no words of survivorship used in connection with the gift over to the daughters and no requirement that they be alive at the time of the death of Frank Summers. The conclusion reached by the trial court is supported by the rule that the law favors the vesting of

estates at the earliest opportunity and is averse to a postponement in the absence of a clear manifestation of a contrary intention; that words of postponement shall be presumed to relate to the beginning of the enjoyment of the estate rather than to its vesting; that no remainder will be construed to be contingent, which consistently with the intention of the testator may be deemed to be vested. See the case of *Aldred* v. *Sylvester* (1916), 184 Ind. 542, 111 N. E. 914, in which the above propositions are announced and the authorities collected and some of the former decisions overruled and others disapproved. The law applicable herein has also been well stated in 23 Ruling Case Law, 504-512, from which we quote as follows: "The character of an estate as vested or contingent does not depend upon the defeasibility or indefeasibility of the right of possession; for many estates are vested without possession as well as with, which are yet defeasible. If there is a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate. . . . In other words, a vested estate, whether present or future, may be absolutely or defeasibly vested. In the latter case it is said to be vested, subject to being divested on the happening of a contingency subsequent. So a vested remainder may be absolutely or defeasibly vested. If defeasibly vested, the remainder, until the happening of the divesting contingency, possesses all the qualities, except indefeasibility, of one that is absolutely vested, and, when the possibility of the happening of the contingency is at an end, becomes absolutely vested. Hence, it does not necessarily follow that every estate in remainder which is subject to a contingency or condition is a contingent remainder. The condition may be precedent or subsequent. If the contingency or condition is precedent, the remainder cannot vest until that which

is contingent or a condition has happened or been performed. If, on the other hand, the estate is limited on a contingency to which the effect of a condition subsequent is given, the estate vests at once, subject to be defeated by the happening of the contingency or condition." See also *Kepert* v. *Kepert* (1923), 79 Ind. App. 633, 134 N. E. 297; *Heilman et al.* v. *Heilman* (1891), 129 Ind. 59, 28 N. E. 310; *Burke* v. *Barrett* (1903), 31 Ind. App. 635, 67 N. E. 552.

It is the further contention of the appellees that even though the remainder to the three daughters were held to be a contingent remainder, yet the same result would have to be reached as was reached by the trial court upon the theory that even a contingent remainder, where the person who is to receive the same is ascertained, is transmissible by descent and may be devised. In the instant case the will of the deceased daughter Ella Weber contained this item: "The residue of my estate, real and personal (including the property willed to me by my mother, Catherine Summers, deceased), I will, bequeath and devise, absolutely, to my beloved husband, Clement J. Weber." We are inclined to this view but do not deem it necessary to base the opinion entirely thereon. See: *Hall* v. *Brownlee* (1905), 164 Ind. 238, 72 N. E. 131. In the above case many of the authorities are cited in support of the rule laid down.

We have examined the many authorities cited by both parties but we do not think it necessary to extend this opinion by a review of them.

It is our opinion that the trial court did not err in either of its conclusions of law.

Judgment affirmed.