LEEDS *v.* LEEDS ET AL

[No. 28,112. Filed November 15, 1945.]

594

*Hartell F. Denmure,* of Aurora, for appellant.

*Charles A. Lowe,* of Lawrenceburg, for appellees.

RICHMAN, C. J.—The rights of the parties to this appeal are controlled by a deed executed March 11, 1878, wherein William T. Pate and his wife did "as advancement, convey and warrant to Fannie Pate, daughter of the grantors . . . during her natural life, and then to the children of her body that may survive her" certain real estate in Dearborn County. After the description the deed continues: "In case of the death of the said Fannie Pate without leaving any children, the above described real estate shall revert back to the grantors herein."

Afterwards Fannie Pate married Frank J. Leeds by whom she had three children, Lenore, Richmond P. and Frederick R. She died January 21, 1944, in possession of the real estate pursuant to the deed, survived by only one child, appellee Richmond P. Leeds. Appellant Frederick M. is the son and only heir of Frederick R. Leeds. Lenore married William M. Doughty and died without issue, devising her property to her husband. Appellee Anna Doughty is his sister and sole devisee.

Richmond P. Leeds was plaintiff below and had judgment against the other parties to this appeal quieting

his title as the sole owner of the real estate. Anna Doughty is not contesting the judgment.

Appellant thinks that he is the owner of an undivided one-half of the real estate on the theory that the deed gave Fannie Pate, his grandmother, a fee simple, which he and his uncle, Richmond P., inherited as her heirs. This argument is based on the rule in Shelley's Case which is inapplicable. *Rouse* v. *Paidrick* (1943), 221 Ind. 517, 522, 49 N. E. (2d) 528, 530. Fannie Pate took only a life estate. A future interest was created which under common law terminology was a contingent remainder. The Restatement calls it a remainder subject to a condition precedent. Restatement of the Law—Property, ch. 7, § 157, note p. 542, Comment on Clause (d), p. 561, *et seq.* There were several uncertainties, the last of which, survival, could not be resolved until the death of the life tenant. *Eo instanti* the remainder vested in appellee Richmond P. Leeds. The intention of the grantors is clear and must be given effect. *Rouse* v. *Paidrick, supra; Hackleman* v. *Hackleman* (1925, Trans. denied, 1928), 88 Ind. App. 204, 146 N. E. 590, 169 N. E. 539; *Summers* v. *Old-First National Bank & Trust Co., Trustee* (1938), 105 Ind. App. 9, 13 N. E. (2d) 320; *Schofield* v. *Green* (1944), 115 Ind. App. 160, 56 N. E. (2d) 506; *Edwards* v. *Bates* (1923), 79 Ind. App. 578, 139 N. E. 192; *Birdsall* v. *Birdsall* (1912), 157 Ia. 363, 132 N. W. 809, 36 L. R. A. (N. S.) 1121; *Robertson* v. *Guenther* (1909), 241 Ill. 511, 89 N. E. 689, 25 L. R. A. (N. S.) 887.

Judgment affirmed.

(Starr, J., not participating.)

NOTE.—Reported in 63 N. E. (2d) 541.