PULLEN ET AL. *v.* PULLEN ET AL.

[No. 18,027. Filed May 1, 1950.]

*Glenn L. Miller,* of Logansport, for appellants.

*O'Neill & O'Neill,* of Logansport, and *McClure, Shenk & Ellis,* of Kokomo, for appellees.

WILTROUT, J.—By this appeal the appellants challenge the construction placed by the court below upon the will of Marion E. C. Pullen, deceased.

The testator left surviving him his widow and three sons, Herbert, Keith, and Arthur. The widow elected to take under the law rather than under the will of the decedent. The court's conclusion that she is vested in fee simple with an undivided one-third of testator's real estate is not questioned by the parties.

At the time of the death of the testator, two of his sons had, and still have, children, they being the appellants herein. The other son has no children.

Item II of the will devised certain real estate to Herbert; Item III devised other real estate to Keith; and Item IV devised still other real estate to Arthur. Each of these Items provided that such devisees were to have and to hold such real estate subject to the conditions and provisions named in Item V in fee simple title.

The question involved here is as to the construction placed upon Item V, which reads:

"ITEM V. If any of my said sons as hereinbefore named shall die without leaving a child or descendants of a child surviving such son, then the portion herein devised to such child or children of such son shall thereupon be divided among my

children surviving such deceased son, share and share alike, to be held by them in fee simple title."

Appellants' contention, which was rejected by the court below, is that the words, "If any of my said sons as hereinbefore named shall die without leaving a child or descendants of a child surviving such son," refers to the death of a son, not during the lifetime of the testator, but subsequent to his death; that the devises to the three sons, all of whom are still living, are not absolute, but are at most a limited fee; and that if any of such sons should die at some time in the future without leaving children then the fee is to go to the other sons of testator surviving such deceased son.

The court concluded that the three sons are each vested in fee simple with an undivided two-thirds of the specific real estate described in the will as having been devised to them respectively, and that an undivided one-third of all testator's real estate is vested in the widow.

The will makes no mention of any devise to the child or descendants of a child of testator's sons other than in the above-quoted Item V. Item V assumes that there is a "portion herein devised to such child or children of such son." From this it appears to us that the will was drawn with § 7-709, Burns 1933; 2 R. S. 1852, ch. 11, § 13, p. 308, in mind. This section provides:

"Whenever any estate, real or personal, shall be devised to any descendant of the testator, and such devisee shall die during the lifetime of the testator leaving a descendant who shall survive such testator, such devise shall not lapse, but the property so devised shall vest in the surviving descendant of the devisee as if such devisee had survived the testator and died intestate."

Thus it is evident that testator had in mind that if one of his sons should die during his lifetime, leaving a descendant who survived the testator, the property devised by him would vest in such surviving descendant. To adopt appellants' contention would be to disregard the reference in the will to a devise to the children of testator's sons. All parts of a will are to be construed together and in relation to each other so as, if possible, to form one consistent whole. *Grise, Admr.* v. *Weiss, Admr.* (1937), 213 Ind. 3, 11 N. E. 2d 146.

It is our comprehension that Item V was intended to provide for the situation which would arise if a son died during the lifetime of the testator, leaving no descendants surviving the testator, and by reason thereof the devise should lapse. Inasmuch as all three sons survived the testator, this contingency did not arise.

"It is the well-settled doctrine that the courts of this country will so construe a will, when not inconsistent with the intention of the testator, as to prevent the title to real estate from remaining contingent;" *Wright et al.* v. *Charley* (1891), 129 Ind. 257, 28 N. E. 706; *Quilliam* v. *Union Trust Co.* (1924), 194 Ind. 521, 142 N. E. 214.

It is also well settled that, "where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, coupled with a devise over in case of the death of such primary devisee without children or issue, the condition refers to a death without children or issue within the lifetime of the testator, and that, if the primary devisee survives the testator, he takes at the latter's death an estate in fee simple." *Nickerson* v. *Hoover* (1919), 70 Ind. App. 343, 115

N. E. 588; *Martin* v. *Raff* (1944), 114 Ind. App. 507, 52 N. E. 2d 839; *Quilliam* v. *Union Trust Co.*, *supra;* *Boren* v. *Reeves* (1920), 73 Ind. App. 604, 123 N. E. 359; *Schenck* v. *Schenck* (1939), 106 Ind. App. 179, 18 N. E. 2d 941. Such rule is one of construction only, and yields to the intent of the testator, *Nickerson* v. *Hoover*, *supra,* but no contrary intent of the testator is expressed in the will in this case.

Upon a study of the will as a whole, it is our conclusion that the trial court reached a correct result.

Judgment affirmed.

NOTE.—Reported in 91 N. E. 2d 856.