RICHARDSON, ET AL. *v.* CHASTAIN, ADMX., ETC., ET AL.

[No. 18,364. Filed April 24, 1953.]

*Meade & Meade,* of Salem, for appellants.

*Allen & Thompson,* of Salem, for appellees.

BOWEN, J.—This is an appeal from a judgment in a suit to quiet title to certain real estate. The suit presented the question of the construction of the will of James R. Parks, deceased, as to the vesting of certain estates and interests by virtue of the provisions of such will. The facts were undisputed and were presented to the court below upon an agreed stipulation of facts by the parties, upon which agreed stipulation the lower court made a special finding of facts and entered conclusions of law as follows:

"Plaintiffs and defendants having heretofore stipulated the facts in this cause, such stipulation now constitutes the facts as they are and might be specially found in this cause.

As conclusions of law upon the facts the Court states:

"1. That by the terms of his will and under the facts of this case James R. Parks devised and bequeathed his real, personal and mixed property in fee to Harry Davis, Irell Parks, and Ida Hawkins; one-tenth of such property passing to the said Harry Davis and the remainder in equal shares to Irell Parks and Ida Hawkins.

"2. That the fee in the estate of said James R. Parks vested in the said Harry Davis, Irell Parks and Ida Hawkins upon the death of the said James

R. Parks, subject only to the life estate of Della Parks.

"3. Upon the death of Ida Hawkins her undivided interest in fee to said property so taken by said Ida Hawkins passed by descent to Irell Parks.

"4. Upon the death of Irell Parks her then vested interest passed by inheritance to Della Parks.

"5. That upon the death of Della Parks the fee in the real estate here in controversy passed to her heirs at law: namely, Ella Chastain, Iva Chastain, Roy Baker, Perry Baker, Leo Edwards, Ruth McClairen, and Irell B. Roberts.

"6. That the said Ella Chastain, Iva Chastain, Roy Baker, Perry Baker, Leo Edwards, Ruth McClairen and Irell B. Roberts are the owners of the real estate herein described, subject to the undivided one-tenth interest admittedly owned by the said Harry Davis.

"7. That the plaintiffs nor neither of them have any right, title, interest or claim in and to or upon the real estate here in controversy.

"NOW, THEREFORE, the Court finds that the plaintiffs should take nothing by this action and the defendants should recover their costs herein paid, laid out, and expended."

The appellants, who were the heirs at law of James R. Parks, filed a motion for a new trial on the grounds that the judgment of the court is not sustained by sufficient evidence and that it is contrary to law.

Error relied on for reversal is the action of the lower court in overruling the appellants' motion for a new trial.

From the agreed stipulation of facts it appears that James R. Parks died testate in the year 1929 leaving a last will and testament by which, after making provisions for the payment of his debts and certain small bequests, he stated in items 5 and 6 that after the payment of the foregoing minor items "I devise and be-

queath the remainder of my property consisting of Real personal and mixed property of whatever kind to my wife Della Parks to be used by her for her support and for the support of our daughter Irell Parks as long as the said Della Parks shall remain my widow when the said Della Parks ceases to remain my widow or is removed from this earth by death then I desire that my property shall be devided as shone (shown) by the next items. Item 6. I devise and bequeath after the death of Della Parks that Harry Davis is given one tenth of the remainder (Court's note: this one-tenth interest is not in question in the present suit) an (and) then the rest deivided (divided) equally between Ida Hawkins and Irell Parks. I will and bequeath to my daughter Irell Parks the sum of one hundred 100.00 Dollars in order that she may share equally with my daughter Ida Hawkins to whom I have willed one United States Victory Bond in the sum of One Hundred 100.00 and in case either of them should be dead and leaving no child or children living then the share of the one who may be dead to be given to the other named heir herein but in case either be dead leaving a child or children living then the share willed to the one who may be dead to be given to the child or children."

Ida Hawkins, a daughter of said James R. Parks by his first marriage, died intestate after the time of his death and before the time of the death of Irell Parks and Della Parks mentioned in said will, and left no child or children living. The said Irell Parks was a daughter of said James R. Parks and his wife, Della Parks, who survived him, and said Irell Parks was never married and left no descendants. She died intestate on the 7th day of November, 1950, and said Della Parks, the widow of said James R. Parks, died intestate on

December 2, 1950, having never remarried, and leaving as her only heirs at law her seven first cousins, namely: the appellees, Ella Chastain, Iva Chastain, Roy Baker, Perry Baker, Leo Edwards, Ruth McClairen and Irell B. Roberts. All of the items of the will of James R. Parks have been fully settled and complied with, with the exception of that part of Item 6 of said will which refers to the real estate involved in this controversy.

The appellants, plaintiffs below, comprised all of the heirs of James R. Parks now living, and said James R. Parks left neither father nor mother surviving him, and left no other sister or brother or descendant of sister or brother surviving him.

The appellants urge that the terms of the will of James R. Parks created contingent remainders in Ida Hawkins and Irell Parks and that such remainders could not become vested until after the death of the life tenant, Della Parks.

The law favors the vesting of estates, and it is a well-settled rule that a will will not be construed as creating a contingent remainder if it can possibly be construed as creating a vested one. *Stephens and Another* v. *Evans' Admx.* (1868), 30 Ind. 39; *Watson* v. *Tracy* (1921), 77 Ind. App. 163, 133 N. E. 411.

However, contingent remainders are lawful, and if a testator by unambiguous language, creates a contingent remainder, it is the duty of the court to uphold it. *Jarman on Wills,* Vol. 1, p. 756, et seq.; *Kent's Commentaries,* Vol. 4, §204, p. 244; *In re Whitney's Estate* (1917), 176 Cal. 12, 167 Pac. 399; *Mettler* v. *Warner* (1910), 243 Ill. 600, 90 N. E. 1099; *Doe, Lessee of Poor* v. *Considine,* 6 Wall. 458, (U. S. 1867); *Bruce* v. *Bissell* (1889), 119 Ind. 525, 22 N. E. 4; *Hackleman* v. *Hackleman* (1928), 88 Ind. App. 204, 146 N. E. 590, 169 N. E.

539; *Schofield* v. *Green* (1944), 115 Ind. App. 160, 56 N. E. 2d 506; *Leeds* v. *Leeds* (1945), 223 Ind. 593, 63 N. E. 2d 541.

A vested remainder is an estate in land, while a contingent remainder is merely the possibility or prospect of an estate which exists when what would otherwise be a vested remainder is subject to a condition precedent, or is created in favor of an uncertain person or persons. *Gavit, Future Interests in Indiana,* 3 I. L. J. 627, 632; *Tiffany, Real Property,* 1940 Abr. Ed., p. 229.9.

The appellants contend that their position is supported by the cases of *Hackleman* v. *Hackleman,* supra, and *Scofield* v. *Green, supra.* In the Hackleman case the court had to decide whether the will of one William Hackleman granted vested remainders or contingent remainders in favor of the testator's sons. In this case William Hackleman died testate, sized in fee simple of certain real estate and left surviving as his heirs at law his widow Nancy and his five sons. Upon his death, his widow Nancy Hackleman acquired a vested life estate and continued in possession thereof until her death in 1921. However, three of testator's children had already died prior to the death of the life tenant in 1921. The court was called upon to determine whether the two surviving sons took all to the exclusion of the descendants of the deceased's children. The pertinent portions of the will, as shown at page 205 of the decision, were as follows:

"2. I give and bequeath to my beloved wife, Nancy, the use, improvements and income of my dwelling house, barn and outhouses, lands and appurtenances and all personal property situate in Fayette County and State of Indiana, or so much of the same as may remain after my just debts are

paid, to have and to hold the same for and during her lifetime."

"3. I give and bequeath *unto all my children that may be living at the death of my wife, Nancy* all my property that may be remaining to be divided in equal parts among them." (our italics)

The court held that Item 3 of the will of William Hackleman created *contingent remainders* in favor of his children *rather than vested remainders.* On petition for rehearing on page 214 of this decision, the court says:

"In the Hackleman will the devise is not to the testator's children as a class, but to such of testator's children as *should be living at the time of the death* of the life tenant. . . . To become a remainderman under the Hackleman will, the child of the testator must have survived the life tenant. Until the death of Hackleman's wife, it was uncertain who would survive her, and in that laid the contingency on which rested the vesting of the remainder." (our italics)

In the case of *Scofield* v. *Green, supra,* the court on page 162 quoted the pertinent provisions of the will of the testator, as follows:

"I give, and devise to my nephew, Emmett Pitzer, for his use and benefit during his lifetime the following described real estate in Boone County, State of Indiana, to-wit: the Northeast Quarter of the Southeast Quarter of Section 32, Township 18 North of Range 2 east, and at his death the same to descend *to his surviving children."* (our italics)

In construing this provision of the will the court on page 163 of the decision says:

"The language of the will is not ambiguous. It created a *contingent remainder in those of the life tenant's children who would be living at the time of the latter's death."* (our italics)

It will be noted that in these cases relied upon by the appellants, the vesting of the estate depended upon a contingency and a condition precedent, in that by the express terms of the will the remaindermen were those who might be living at the time of the death of the life tenant and the court's holding that such will provisions created contingent remainders refers to the clear and unambiguous language used in creating such remainders. The Supreme Court of this state stated, in the case of *Leeds* v. *Leeds, supra,* on page 594 of such decision:

> "The rights of the parties to this appeal are controlled by a deed executed March 11, 1878, wherein William Pate and his wife did 'as advancement, convey and warrant to Fannie Pate, daughter of the grantors . . . during her natural life, and *then to the children of her body that may survive her*', certain real estate in Dearborn County." (our italics)

In considering the nature of the interests created by the above quoted language the court on page 595 of this decision says:

> "Fannie Pate took only a life estate. *A future interest was created which under common law terminology was a contingent remainder. The Restatement calls it a remainder subject to a condition precedent.* Restatement of the Law—Property, ch. 7, §157, note p. 542, Comment on Clause (d), p. 561, et seq. There were several uncertainties, the last of which, survival, could not be resolved until the death of the life tenant. . . . The intention of the grantors is clear and must be given effect." (our italics)

The appellants contend, in substance, that the will in the instant case shows an intention of the testator that the remainders were to remain in abeyance and that the remainder over after the widow's death was

then to be divided, and that they were not vested remainders. In *Alsman* v. *Walters* (1916), 184 Ind. 565, 106 N. E. 879, 111 N. E. 921, the court states:

> "The theory that the fee may be in abeyance, or *in nubibus,* is not without common-law authority. 2 Blackstone, Comm. 107; Illinois Cent. R. Co. v. Bosworth (1890), 133 U. S. 92, 10 Sup. Ct. 231, 33 L. Ed. 550. But it was ever odious and never recognized unless in cases of extreme necessity."

It is well settled that a remainder over, after the gift of a life estate, which remainder is given to a named person, is a vested remainder to the named devisee from and after the death of the testator. There was no uncertainty in the instant case as to the persons who were designated as remaindermen. The devises to Ida Hawkins and Irell Parks amounted to vested estates in land upon the death of James R. Parks, the testator. See *Thompson on Real Property,* Vol. 4, Sections 2203, 2206 and 2219. In *Burke* v. *Barrett* (1903), 31 Ind. App. 635, 67 N. E. 552, this court stated:

> "In view of these rules, there being no manifest intent to the contrary, it must be presumed that the clause 'after the death of my wife', used in the third item of the will, relates to the beginning of the enjoyment of the remainder, and not to the vesting of that estate. . . ."

Use in a will of the words, "in case either be dead leaving no child or children", has a fixed and definite meaning in the law and from the earliest case reports to the present time these words are construed to refer to death in the lifetime of the testator and the words thus quoted held to create a vested and not a contingent remainder. *Allen* v. *Mayfield* (1863), 20 Ind. 293; *Hoover* v. *Hoover* (1888), 116 Ind. 498, 19 N. E. 468;

*Smith* v. *Smith* (1915), 59 Ind. App. 169, 109 N. E. 60; *Busick* v. *Busick* (1917), 65 Ind. App. 655, 115 N. E. 1025, 116 N. E. 861; *Schenck* v. *Schenck* (1939), 106 Ind. App. 179, 18 N. E. 2d 941; *Martin* v. *Raff* (1944), 114 Ind. App. 507, 52 N. E. 2d 839; *Pullen* v. *Pullen* (1950), 120 Ind. App. 284, 91 N. E. 2d 856.

While a future estate may be subject to defeasance it does not prevent the vesting of an estate immediately when there are persons named in the will who are to receive the remainder and who have the immediate right of possesion upon termination of the particular estate. *Summers* v. *Old-First Natl. Bank & Trust Co., Tr.* (1938), 105 Ind. App. 9, 13 N. E. 2d 320.

In the instant case, as shown by the expressed intent of the testator as determined from the words of the will and by the rules of construction as laid down by the courts of this state since their organization, the remainders to said named children of the testator, Ida Hawkins and Irell Parks, were vested immediately upon the testator's death, and upon the death of said remaindermen before the death of the said life tenant, Della Parks, said estates in remainder descended to the heirs of said remaindermen to the exclusion of the appellants as collateral heirs of the testator. Under the stipulation of facts the only heir of the surviving remaindermen was Della Parks, the widow of testator who was also the life tenant, and the lower court correctly held that upon the death of Della Parks the fee in the real estate in controversy passed to her heirs at law who are the appellees in this action.

The court did not err in overruling appellant's motion for a new trial. Judgment affirmed.

NOTE.—Reported in 111 N. E. 2d 831.