DAWSON *v.* MCKEE ET AL.

[No. 18,464. Filed January 11, 1954.]

*Louis Lambert,* of Rushville, *Cecil Tague,* of Brookville, and *Frank I. Hamilton* of Greensburg, for appellant.

*Chauncey W. Duncan,* of Rushville and *Albert P. Heeb,* of Connersville, for appellees.

KENDALL, P. J.—The appellant by this appeal challenges the construction placed by the trial court upon the last will and testament of John W. Rhodes, deceased. By appellant's amended and supplemental complaints, he prayed for a construction of the will and a determination that he be entitled to the bequest designated in Item 2 thereof. Appropriate answers were filed by appellees, together with their cross complaint to quiet title. Appellee, John F. McKee, Jr. filed separate cross complaint to quiet title to the real estate based upon a tax-title deed. A request for special findings of facts

and conclusions of law was made. Trial had by the court which rendered special findings of facts and stated conclusions of law in favor of the appellees, Georgia McKee, John F. McKee, Jr. and Kathleen Laughlin. Judgment was rendered in favor of the appellees named to the effect that they were the owners in fee simple of the real estate described in the pleadings filed by appellant; that the claim of the appellant, John T. Dawson, was without right and unfounded; that appellees recover costs and that appellant Dawson take nothing in either paragraph of his complaint.

The record discloses that on and prior to June 2, 1885, John W. Rhodes was the owner in fee simple of certain real estate containing sixty-five acres; that on June 2, 1885, John W. Rhodes executed his last will and testament, the following items of which are pertinent to the issues involved, to-wit:

"Item 2. I give, grant and bequeath all the property real and personal of which I may die seized, the real estate consisting of the following described lands in Rush County, Indiana, to-wit: The N.W. 1/4 of N.E. 1/4 of Sec. 20—13—11, also, 25 acres in the S.W. corner of S.E. 1/4 of Sec. 17—13—11 of lands sold at Brookville, Indiana, with all the appurtenances thereunto belonging to my grandchildren, John W. Brittain and Claude Dawson, in equal shares upon the following conditions Viz: If either of my grandchildren above named in this will should die without leaving children or their descendants surviving him, his share shall go to the survivor of my said grandchildren above named and in case both of my said grandchildren should die without leaving children surviving them or either of them, the lands above described shall go to John W. Coon, my nephew in fee simple. But if either of my said grandchildren should die leaving a child or children or their descendants surviving him his said share shall go to such child or children in fee simple forever. It is my will and meaning that it is only in case that both of my above named grandchildren should die without leav-

ing a child or children or their descendants surviving them that my nephew, John W. Coon is to take any of my estate.

Item 3. It is further my will that whatever money I may have on hand or at interest at the time of my decease shall be kept at interest by my executor and the interest accruing thereon expended by him in keeping up repairs on the real estate described in Item 2 of this will or so much of said interest as may be needed for that purpose until my said grandchildren above mentioned shall respectively reach the age of 21 years, when the respective moiety of each of them shall be paid over to him by my executor and that all other personal property shall be equally divided between my said grandchildren immediately after my decease.

Item 4. It is further my will that in case my daughter, Missouri E. McPherson, shall again become a widow and should stand in need from sickness or the inability of her said children other than those mentioned in this will, that she shall have the sum of $50 per year from my grandchildren mentioned and provided for in this will and that payment of said sum shall be a charge on the lands described in the 2nd Item of this will."

The said John W. Rhodes died in 1889 and thereafter his will was admitted to probate; that Claude Dawson, the grandson of decedent mentioned in Item 2 survived the testator and died November 15, 1929, leaving this appellant as a surviving child and who is a great grandson of the said John W. Rhodes; that John W. Brittain, likewise a grandson of testator, died July 1, 1949, and left no issue surviving him; that Missouri E. McPherson, named in Item 4 of the will, was the mother of said grandsons mentioned in Item 2.

After the death of John W. Rhodes, the grandsons, John W. Brittain and Claude Dawson, each being single, executed their separate quit-claim deeds conveying their interest of the real estate described in Item 2 to their mother, Missouri E. McPherson, which deeds were duly

recorded; that thereafter, Missouri E. McPherson died and her heirs, including the two grandsons mentioned in Item 2 executed a warranty deed conveying said tract of real estate to one Hayes Beaver, which deed is recorded. Subsequently, on September 16, 1920, Wayne Beaver and Dora Beaver executed their warranty deed conveying the same tract of real estate to John F. McKee. Subsequently, the said McKee and wife executed certain mortgages on said real estate and that the legal representatives of the lending institutions were made party defendants and filed appropriate answers. By the second paragraph of appellant's complaint, he sought an accounting as to the rents and profits received by appellees during the period of years that they and their predecessors in ownership had owned the farm.

Motion for new trial was filed alleging that the findings of the court were not sustained by sufficient evidence and was contrary to law. The assignment of errors are, (a) That the court erred in overruling appellant's motion for new trial; (b) The court erred in its conclusions of law one, two and three.

The appellant concedes that the sufficiency of the evidence contained in the first specification of motion for new trial is not considered in this appeal. Therefore, the only specification of the appellant's motion for new trial before us is whether or not the decision of the trial court is contrary to law and whether the court erred in its conclusions of law numbers one, two and three.

The trial court in its conclusion of law number one found that the law was with the appellees and cross complainants herein, Georgia McKee, John F. McKee, Jr. and Kathleen Laughlin. By conclusion of law number two, the court concluded:

"That upon construction of the Last Will and Testament of John W. Rhodes, deceased, which is set out in Finding of Fact No. 2 of the Court's

Findings of Fact herein, and the true and legal meaning, intent and effect of the provisions of Item 2 of said Last Will and Testament reading as follows, to-wit:" (Here court copies Item 2 of the Will) "That plaintiff, John T. Dawson, has no right, title or interest in the real estate, or any part thereof, described in said Item No. 2 of said Last Will and Testament of John W. Rhodes, deceased; that said John W. Rhodes, deceased, by his Last Will and Testament, herein mentioned and referred to, and a copy of which is set out in Item No. 2 of the Findings of Fact by the Court herein, devised, gave, granted and bequeathed to John W. Brittain and Claud Dawson, legatees and beneficiaries mentioned therein, in equal shares, in fee simple, the lands mentioned and described in said Item No. 2 of said Last Will and Testament of said John W. Rhodes, deceased, situated in Rush County, Indiana, and described as follows: . . ."

That by conclusion of law number three, the court concluded that the appellees herein and cross complainants were the owners in fee simple of said real estate described in Item 2 and that they were entitled to have their title quieted thereto.

It is the appellees' theory:

"That the Will of John W. Rhodes, deceased, is uncertain and ambiguous as to the time when the death of John W. Brittain and Claud Dawson, grandchildren of the testator, John W. Rhodes, should occur, in order for the children or their descendants of said John W. Brittain or Claud Dawson to take any part of the real estate, mentioned and described in Item 2 of said Will herein."

On the other hand, it is the appellant's theory:

"That the will of John W. Rhodes is not uncertain nor ambiguous. When Item 2 of said will is considered in the light of other provisions of the will namely, Items 3, 4, and 5, the meaning is definite and clear. The use of the phrase, 'immediately after my death', in Item 4 excludes the presumption

that the death referred to was one occurring in the lifetime of the testator."

By Item 2, the testator made an absolute bequest of his estate in equal shares to John W. Brittain and Claude Dawson. Provision was made that if either grandchild died without children or their descendants, his share would go to the survivor and if both die without children or their descendants, that said land would go to the testator's nephew, John W. Coon. It seems clear to this court that the will bequeathed all property real and personal to the two grandchildren. It further seems clear to the court that decedent intended to protect the estate against a lapse of the bequest to the grandchildren if their death should occur during the lifetime of the testator, by providing if both grandchildren die without children or their descendants, then said land would descend to John W. Coon in fee simple. The testator further provided in Item 2 a "safety clause" by stating that it was his "will and meaning that it is only in case that both of my above-named grandchildren should die without leaving a child or children or their descendants surviving them that my nephew, John W. Coon, is to take any of my estate."

In Item 3, provision was made for keeping money on interest and such interest being expended in repairs on the real estate mentioned in Item 2, or so much thereof as would be required for that purpose, until the grandchildren became twenty-one years of age or at such time the moiety of each was paid to them. Said Item 3 does not contain any definite or clear statement fixing the time when the death of either, or both of the grandchildren was to occur in order for them or their descendants, or the said John W. Coon, to take title to said land. Counsel for appellant admits in oral

argument that said Item 2 of the will does not contain such a statement.

Item 4 provides for a situation regarding the care of Missouri E. McPherson. This provision lends no aid in fixing a definite or certain time when the death of either or both of the children was to occur in order for their descendants or the said John W. Coon to take title. This said item makes a charge or obligation on the grandchildren to pay fifty ($50.00) dollars per year under certain conditions; however, no obligation was created on their children or descendants or the said John W. Coon to pay such obligation sought to be created. Under the language used in Items 2, 3 and 4 of the will, we do not find where the testator fixed with any degree of clarity a time for the occurrence of the death of the first takers of the land, to-wit: John W. Brittain and Claude Dawson, so that their children or their descendants of said grandchildren or John W. Coon would take title under the provisions of Item 2. Such clearness and certainty fixing the time of the death of the first takers failing to be made, we are compelled to determine the same by what we believe to be the general rule under such a state of facts.

The court said in the case of *Quilliam* v. *Union Trust Co.* (1923), 194 Ind. 521, 142 N. E. 214:

"It is also a well recognized rule that where the intent is not clearly expressed, or is couched in ambiguous phraseology, so that reasonable differences of opinion may exist as to what the testator's intention was, then resort should be had to established rules of construction."

The Quilliam case, *supra,* is one of the most often cited cases in this state as to what the general rule is, involving the question now under consideration, and this court is not in position to set it aside. In that case the court stated the general rule to be:

"A well-established rule in this state is that words of survivorship, used in disposing of an estate, are presumed to relate to the death of the testator, rather than the death of the first taker, and that where real estate is devised to one, in terms sufficient to give a fee-simple, and a devise over is made, conditioned upon the first taker dying without issue, the phrase "dying without issue" is construed to refer to a death in the lifetime of the testator, unless a contrary intention is clearly expressed."

If a will fails to disclose the intention of the testator, the court then will invoke the settled rules of construction to determine whether the interest was intended to be vested or contingent. *McDowell* v. *Fletcher* (1936), 103 Ind. App. 165, 4 N. E. 2d 577.

It is a general rule that the law favors the vesting of estates at the earliest possible moment and and that a will should be construed accordingly in the absence of a clear manifestation of the intention of the testator to the contrary. Words postponing the estate are generally construed to refer to the beginning of possession and enjoyment of an estate and not to the vesting thereof. *O'Brien* v. *Clarke* (1936), 102 Ind. App. 421, 200 N. E. 92.

Applying that rule to the facts herein clarifies Item 2 in that John W, Brittain and Claude Dawson, having survived the testator, to take under the will a fee simple title to the lands devised in Item 2. In the absence of a clear manifestation of the testator to the contrary, we hold that the estate vested immediately upon the death of the testator, John W. Rhodes.

The words as used therein, "if either of my grandchildren above named in this will should die without leaving children or their descendants surviving him, his share shall go to the survivor of my said grandchildren", have reference to the death of

any grandchildren or their survivor prior to the death of the testator and does not postpone the vesting of the estate. *Martin* v. *Raff* (1944), 114 Ind. App. 507, 52 N. E. 2d 839.

In the case of *Pullen* v. *Pullen* (1950), 120 Ind. App. 284, 91 N. E. 2d 856, this court, through Judge Wiltrout, said:

"It is also well-settled that, 'where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, coupled with a devise over in case of the death of such primary devisee without children or issue, the condition refers to a death without children or issue within the lifetime of the testator, and that, if the primary devisee survives the testator, he takes at the latter's death an estate in fee simple.' " (*Nickerson* v. *Hoover* (1919), 70 Ind. App. 343, 115 N. E. 588. See also *Richardson* v. *Chastain* (1953), 123 Ind. App. 444, 111 N. E. 2d 831.)

If appellant is to sustain the burden of proof under the facts presented, it is incumbent on him to establish a definite and certain time for the occurrence of a death of the first takers of the land described in Item 2, to-wit: John W. Brittain and Claude Dawson, in order for the children or their descendants or the said John W. Coon to claim a valid interest in said real estate. The appellant has failed to sustain such burden of proof.

We have examined the authorities relied upon by appellant and we do not believe that they are in point with the facts involved in this case.

In the case of *Hillis* v. *Dils* (1913), 53 Ind. App. 576, 100 N. E. 1047, 102 N. E. 140, involved a will which fixed the time of the death of the first takers as occurring before the death of the testator's grandchildren.

We do not have such language appearing in the will of John W. Rhodes.

The case of *Weppler* v. *Hoffine* (1940), 218 Ind. 31, 30 N. E. 2d 549, involved a construction of the following clause in decedent's will, "at my wife's death all of my property shall be divided equally among eight children should any of them die without issue before my wife's death." We do not believe that case is in point since the phraseology of the clause immediately set forth is not found in the will of John W. Rhodes.

The case of *Franklin College* v. *Wolford* (1948), 118 Ind. App. 401, 78 N. E. 2d 35, involved the construction of the will of Lew L. White. The court held that the language used in Item 2 of Mr. White's will devised to the wife of the testator a fee simple estate and that the specific bequests over to the appellees after the death of the widow were void. We believe this case supports the position of the appellees more than that of the appellant.

Taking the will as a whole, and, applying the general rules of construction laid down by this court and the Supreme Court, we conclude that the result reached by the trial court was correct.

Judgment affirmed.

NOTE.—Reported in 116 N. E. 2d 538.