OIL EXPRESS, INC. *v.* MID-STATES FREIGHT LINES, INC.

[No. 18,479. Filed January 14, 1954.]

*Mehl & Mehl,* of Goshen, for appellant.

*Joseph J. Hemphling,* of South Bend, and *Carl L. Chattin,* of Goshen, for appellee.

CRUMPACKER, C. J.—The parties to this appeal are both engaged in the trucking business and in connection therewith operate rolling stock over Indiana highways. On December 12, 1950, a collision occurred on U. S. Highway No. 6 two miles east of the city of Bremen between a trucking outfit owned and operated by the appellant and somewhat similar equipment owned and operated by the appellee. Asserting that said collision was due solely to the appellee's negligence the appellant brought this suit to recover resulting damages. The appellee failed to appear in response to proper summons and was defaulted in due course and thereafter the cause was submitted to the court, evi-

dence heard and a finding and judgment for the appellant in the sum of $3,040 was entered of record. Upon motion of the appellee this judgment was subsequently vacated and the default order set aside. The case was then put at issue and tried to a jury which found for the appellee and the judgment is that the appellant take nothing on its complaint.

The appellant sought a new trial alleging the first statutory ground therefor, to-wit: irregularity in the proceedings of the court whereby it was prevented from having a fair trial. The specific "irregularity" of which the appellant complains is that the court, over its objections, erroneously vacated and set aside said default judgment. The motion for a new trial also charges that the verdict of the jury is contrary to law but the appellant completely abandons this contention in the presentation of its case to this court. The motion for a new trial was overruled and such action is the sole error assigned.

The appellant's entire brief is devoted to the task of convincing us that the showing upon which the court vacated the default judgment was, as a matter of law, wholly insufficient to sustain such action and therefore the court abused its discretion in doing so. Even though we were to find merit in this contention it could avail the appellant nothing. We recognize that the law provides judgments may be taken upon the default of the opposing party and such a judgment, when lawfully obtained, vests a property right in the judgment creditor that cannot be taken from him through the arbitrary action of a court prompted by mere whim or caprice. If such occurs nevertheless and the cause is subsequently tried on its merits and a different result reached the error cannot be assigned under the first statutory ground for a new

trial, unless in some manner, such error resulted in the subsequent trial being unfair to the aggrieved party. The present record is totally devoid of any such showing.

Judgment affirmed.

NOTE.—Reported in 116 N. E. 2d 538.